In the Matter of Gregory Nelson SMITH (and) Karen Sue Smith, f. k. a. Karen Sue Ater, Enrico Marinelli, Debtors.

Bankruptcy No. 3–80–00099.

United States Bankruptcy Court,
S. D. Ohio, W. D.

July 10, 1980.

Paul D. Malina, Springfield, Ohio, for debtors.

John R. Butz, Springfield, Ohio, Trustee.

Christine L. Magee, Miamisburg, Ohio, for debtor.

Eugene A. Jablinski, Dayton, Ohio, Trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

For the purpose of establishing a uniform, ministerial rule relating to income

tax refunds for trustees in bankruptcy and debtors, upon termination of the instant litigation process, the captioned cases are combined for decision.

Both cases involve federal income tax refunds for the 1979 tax year. In the *Marinelli* case, the debtor claimed as exempt from a $1,098.14 joint tax refund the sum of $400.00 under Ohio Revised Code Section 2329.66(A)(4)(a), and another $400.00 as exempt under Ohio Revised Code Section 2329.66(17). Even though Mrs. Marinelli signed the income tax refund, ostensibly to reduce her husband's tax, she was not personally employed and contributed no part of the funds withheld by the employer from debtor's income.

Other exemptions claimed by Mr. Marinelli to which the trustee did not take further exceptions, are as follows:

| | |
|---|---|
| "Debtor's interest in one motor vehicle not to exceed $1,000.00 | – 2329.66(A)(2) |
| Wearing apparel, beds, and bedding not to exceed $200.00 and one cooking unit and refrigeration not to exceed $300.00 | – 2329.66(A)(3) |
| Household furnishings, musical instruments, etc. not to exceed $200.00 per item | – 2329.66(A)(4)(b) |
| Jewelry not to exceed $400.00 | – 2329.66(A)(4)(c) |
| Group Insurance | – 3917.05 |
| Wages | – 3113.21" |

The same fact pattern exists in the *Smith* case, with the variation that both Gregory Nelson Smith and Karen Sue Smith, formerly Karen Sue Ater, are both bankruptcy debtors. Each has claimed the same double $400.00 exemption ($800.00), totalling $1,600.00. Mrs. Smith likewise had no income tax withholding but did sign the tax return ostensibly to effect a tax savings on her husband's income.

Other exemptions claimed by both Mr. and Mrs. Smith, to which the trustee did not take further exceptions, are, as follows:

| | |
|---|---|
| "Wearing apparel, baby bed, crib, stove and refrigerator | – 2329.66(A)(3) |
| Household furnishings | – 2329.66(A)(4)(b) |
| 1975 Gremlin (wrecked) | – 2329.66(A)(2) |
| 1978 Village Park Mobile Home | – 2329.66(A)(1) |

| | |
|---|---|
| .38 cal. Smith & Western Model 10 and dog | – 2329.66(A)(4)(b)<br>– 2329.66(A)(5) |
| Claim against Foremost Ins. Co. for stolen property | – 2329.66(A)(17) |
| Personal earnings | – 2329.66(A)(13) |
| Great Western Life Ins. Co. | – 3911.10<br>– 2329.66(A)(6)(b)<br>– 3917.05 |
| Misc. books and family pictures | – 2329.66(A)(4)(b)" |

## DECISION

### I

The first question confronting trustees and debtors in most recent bankruptcy cases is whether or not both a husband and wife are entitled to exemptions from an income tax refund derived entirely from wages withheld from only one of the spouses.

For many years this court has rationalized that the money, being derived from the income of only one spouse, was collected and held by the Internal Revenue Service for the payment of income taxes at the end of the tax year on the total income of the wage earner. The conclusion has been that the mere signing of a joint husband and wife tax return by the spouse with no income was for the purpose of taking advantage of perceived tax advantages; and, that there was no metamorphosis effected thereby converting the nature of the fund into the property of the other party. No evidence of an *inter vivos* gift was ever presented. See decision by this court *In re Richard Lee Helsel Case Number 19764* (1963, at Springfield). Now debtors seek a reexamination of this long applied conclusion in light of the exemption statutes adopted in Ohio conformably to the Bankruptcy Reform Act of 1978. In addition to the specific terms of the applicable statutes, debtors cite the "fresh start" and "balancing test" as applied by this court in the case of *Rutherford v. Associated Financial Services of Ohio, Inc., 4 B.R. 510* (1980), at Dayton). Hence this outstanding authority exists for either side of the dilemma.

The statutory ambiguities and legislative intention remain, nevertheless, for instant resolution.

There is no doubt that, "Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment [of] order . . . ." *Ohio Revised Code Section 2329.66(A)*. By decision in *Ledford, Trustee, vs. Harry Eugene Brown, et al.,* Case No. 3–79–02016 (1980), this court has already concluded that all such exemptions were intended by the Ohio Legislature to apply in bankruptcy cases, despite ambiguous language in these statutes.

Before an exemption can be claimed, however, the property must be "property of the estate" under 11 U.S.C. § 541(a)(1). This important definition can be more readily perceived by conjecturing in the *Marinelli* case that it was the wife (i. e., not a bankruptcy debtor) who worked and developed the tax refund resources, rather than the debtor, and that the trustee sought to place the refund in the husband's estate by reason of his signing the joint tax return. Since the liability on the return is both joint and several, can the trustee put the entire refund due the other spouse in the estate? Or, the amount of taxes saved the other spouse by filing a joint return? Or whatever? If liability arising from signing the other spouse's tax return effect a metamorphosis, does a similar transfer of title ensue when one spouse comakes an obligation for the purchase by the other of a motor vehicle?

This court is of the opinion that the term "debtor's interest" employed in 11 U.S.C. § 522, and carried into the Ohio Revised Code answers such rhetorical questions and connotes no broadening of the bankruptcy estate, or similarly, of the exempt property, beyond conventional property principles. The conclusion seems inescapable that there are not sufficient indicia of title to remove from the bankruptcy estate of the taxpayer a refund of wages withheld for payment of taxes and to transfer such a fund to the bankruptcy estate of the other spouse. Since the asset is not in the other spouse's estate, there is no "interest" to claim as exempt. Hence, the rational of the *Helsel* case in 1963 has not been changed.

Perhaps a vicarious generosity to give a distressed bankrupt debtor as much largesse as can be gleaned from a meager estate is somewhat tempered by the fact that the total exempt property claimed by Mr. and Mrs. Smith, for instance, is in the amount of $13,747.00. Even though this figure seems to include duplications, the fact cannot be obviated that the State of Ohio has done much for the proverbial "fresh start".

## II

■ The question remains of whether a debtor can claim $400.00 from a tax refund, or $800.00.

Even without a "legislative history" for Ohio statutes, a study of the various statutory provisions relating to exemptions does elicit purposive conclusions, especially vis-à-vis the federal exemption statutes, which were paraphrased.

Revised Code Section 2329.66(A)(4)(a)(1) * exempts in bankruptcy only $400.00 in cash, money due, tax refunds, and various deposits. This exemption also permits a carry over of nonexempt wages.

The entire thrust of the Ohio Legislature enactments was to delimit the *quantum* of exemptions as adopted by the Congress. At the same time, there was an obvious intent at least to make the Ohio exemption statutes *more realistic* than the formerly archaic provisions.

For instance under 11 U.S.C. § 522(d)(5) the federal exemption is $400.00 *in any property* plus any unused portion of the homestead exemption. When the Ohio legislature paraphrased this provision in Ohio

---

* "(1)—The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, building and loan association, savings and loan association, credit union, public utility, landlord, or other person. This division applies only in bankruptcy proceedings. This exemption may include the portion of personal earnings that is not exempt under division (A)(13) of this section."

Revised Code § 2329.66(A)(4)(a) the amount allowed is $400.00, with no carry over. We note, however, that by the teachings of case precedents, than an income tax refund under the former Ohio statute was $500.00. See *In Re Perry*, D.C., 225 F.Supp. 481 and *In Re Johnson*, 27 OO 2d 448. Since the Ohio Legislature has evidenced an intent to make nominal increases in specific exemptions, it seems logical that this $400.00 exemption in income tax refunds (and similar cash funds) would be increased by the $400.00 exemption *in any property* as codified by R.C. 2329.66(A)(17). This dual exemption, totalling $800.00, seems more obvious in light of the express legislative purpose of specifically limiting these provisions to bankruptcy cases only, superseding the comparable federal exemption, but limiting the amount. The "analysis" of H.B. 674 (the Ohio statute) by the Legislative Service Commission affords indirect credence to this interpretation. *See* O. R. C. 103.11 et seq.

Even though it might well be rationalized that the R.C. 2329.66(A)(17) exemption in "any property" can mean only "any other property" not otherwise exempted under other sections, no such interpretation can be deduced from a literal reading of the statutes, as analyzed above. If such is to be the rule, such clarification can come only by legislative action.

*ORDERED, ADJUDGED AND DE-CREED*, that a trustee in bankruptcy in administering these ambiguous Ohio statutes, must permit an exemption of $800.00 per debtor in each case, from the individual estate of that debtor, under Ohio Revised Code § 2329.66(A)(4)(b) and (A)(17).

It is further *ORDERED, ADJUDGED AND DECREED*, that the individual estates cannot be merged in law or equity to permit a double exemption merely because there is a husband/wife relationship, or because one spouse has become jointly liable on obligations of the other for their mutual benefit, including federal income tax returns.