**In re Robert C. DeVOE, Debtor.**

**Bankruptcy No. 2–79–03795.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Aug. 12, 1980.

Van R. Shirey, Columbus, Ohio, for Debtor.

Frederick M. Luper, Columbus, Ohio, Trustee.

GRADY L. PETTIGREW, Bankruptcy Judge.

### FINDINGS, OPINION AND ORDER ON CLAIM OF INCOME TAX REFUND AS ASSET OF ESTATE

This controversy arises from debtor's dispute with the trustee's claim to a federal income tax refund.

### FACTS

During 1979, debtor was a wage-earner and had federal income tax withholdings taken out of his wages for payment of his income taxes for the year. On December 20, 1979, debtor filed a voluntary petition in bankruptcy. In 1980, debtor filed a federal income tax return and claimed a refund of $2,700.00 for excess withholdings during 1979. On April 1, 1980, the trustee obtained an order requiring the debtor to serve a copy of his 1979 tax return on the trustee and to pay over any refund to the trustee. Debtor objected to the order. Debtor argues that any tax refund for 1979 passes into the bankruptcy estate only if his tax year has closed at the time of filing. For debtor, a calendar year taxpayer, the tax year closed on December 31st. The trustee argues that 11 U.S.C. § 541 brings *all* the debtor's property into the bankruptcy estate, including the contingent right to a tax refund.

## DISCUSSION

The issue presented here is whether this contingent right to an income tax refund of excess withholdings from January 1 to December 20, 1979, becomes part of debtor's bankruptcy estate under 11 U.S.C. § 541.

This Court concludes that the broad and pervasive scope of § 541 includes debtor's contingent tax refund as an asset of the bankruptcy estate.

Under the Bankruptcy Reform Act of 1978, the filing of a voluntary petition in bankruptcy creates a bankruptcy estate. 11 U.S.C. § 541(a) provides that:

"The commencement of a case under . . . this title creates an estate. Such estate is comprised of all the following property, wherever located: (1) . . . all legal and equitable interest of the debtor in property as of the commencement of the case."

In addition to the words of the statute, Congress recorded its legislative intent in the reported legislative history:

"Under paragraph (1) of subsection (a), the estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . . . The debtor's interest in property also includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example. The result of *Segal v. Rochelle*, 382 U.S. 375, [86 S.Ct. 511, 15 L.Ed.2d 428] (1966) is followed, and the right to a refund is property of the estate.

.       .       .       .       .

"Paragraph (1) has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, [23 S.Ct. 751, 47 L.Ed. 1061] (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted and what remains property of the estate. . . ." House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–8: Senate Report No. 95–989, 95th Cong. 2nd Sess. (1977) 82–3, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5868.

Through the words of § 541 and the legislative history, it is clear that the debtor's estate includes any and all interest in property he owned, claimed or possessed as of the date of filing his voluntary petition in bankruptcy.

That portion of the debtor's tax refund attributable to pre-petition withholdings is such an interest in property and is part of the bankruptcy estate. Income taxes owed by debtor accrue throughout the year based on his receipt of income including wages. The Internal Revenue Service scheme for collecting the debtor's income tax is to have money withheld from debtors' earnings. The withholdings are to be applied to the final tax obligation at the end of the tax year. During the course of the year, withholdings are in the nature of a savings account. Withholdings in excess of tax liability are ultimately available for debtor's use and control, even though enjoyment is postponed until a return is filed and the refund is returned.

The Supreme Court in *Segal v. Rochelle*, 382 U.S. 375, (1966) adopts this inclusive construction of the bankruptcy estate. At p. 379, 86 S.Ct. at p. 515, the court said:

"The main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term property has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment is postponed."

The filing of an accurate tax return fixes the tax obligation and reveals any refund to which the debtor and the bankruptcy estate may be entitled. The debtor is entitled to the post-petition withholdings. Any amount properly claimed as exempt under

the Bankruptcy Code is to be paid the debtor by the trustee. All debtor's tax refund attributable to pre-petition withholdings is an asset of the bankruptcy estate.

In the instant case, the debtor's argument that practical problems would arise if contingent tax refund claims are determined to be an asset of the estate was dealt with by the court in *Segal*. *Segal* suggests that the trustee may use an arsenal of options which includes selling or abandoning any contingent tax claim, in order to overcome a practical challenge to speedy administration of the estate. At p. 381, 86 S.Ct. at p. 516, the court said:

> "We are told that if this loss-carryback refund claim is 'property,' that label must also attach to loss-carryovers; that is, the application of pre-bankruptcy losses to earnings in future years. Since losses may be carried forward five years and in some cases even seven or ten years, . ., great hardship for the estate is foreseen by petitioners in keeping it open for this length of time. While in fact the trustee can obviate the detriment to the estate— by selling a contingent claim in some instances or simply foregoing it—inconvenience and hindrance might be caused for the bankrupt individual. Without ruling in any way on a question not before us, it is enough to say that a carryover into post-bankruptcy years can be distinguished conceptually as well as practically."

In the instant case, debtor had a tax refund that arose as a result of 354 days of withholdings before filing and 11 days of withholdings after his voluntary petition was filed on December 20, 1979. The formula for apportioning the refund arises from the mathematical relationship between the days withheld before and after the petition is filed. The estate is entitled to 354/365th of the refund and the debtor is entitled to 11/365th of the refund. Of course, debtor is entitled to claim his exemptions against the portion of the refund in the estate. This method of apportioning is reasonable under the circumstances. Further, the method has been used in allowing a claim for vacation pay. *In re Ad Service Engraving Co.*, 338 F.2d 41, 43 (6th Cir., 1964).

For the foregoing reasons, the debtor's objection to the order to file his tax return and deliver the refund check to the trustee is hereby overruled.

IT IS SO ORDERED.