**In re Diane Marie KESTNER, Debtor.**

**Bankruptcy No. 79–01317.**

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

Feb. 27, 1981.

Ethan Allen Turshen, Arlington, Va., Trustee.

Frederick W. Hoybach, Fairfax, Va., for debtor.

Francis P. Dicello, Alexandria, Va., United States Trustee.

## MEMORANDUM OPINION AND ORDER

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

This matter came on for hearing on an application by the trustee, Ethan Allen Turshen, Esquire, for an order to show cause for the failure of the debtor, Diane Marie Kestner, to cooperate by turning over certain items to the trustee.

The Court entered an Amended Order on March 10, 1980 directing the debtor to turn over certain items delineated therein within ten (10) days after entry of said Order. At the show cause hearing, the trustee indicated that he had previously requested the debtor to turn over the following items: (1) Federal tax refund in the sum of $493.13; (2) Virginia tax refund in the sum of $198.88; and (3) the balance in an account with Virginia National Bank in the sum of $127.54—a total sum due and owing of $819.55. The debtor declined to comply with the trustee's request.

The debtor opposes the trustee's request for turnover. Her counsel argued that although she was employed during the year in question, 1979, her income was substantially less than her husband's earnings. The debtor and her husband merged their incomes in their federal income tax return. However, a review of their Virginia income tax return reveals that in 1979 the debtor had income of $6,767.00 while her husband earned $16,515.00. These sums, when added together, comport with the couple's combined earnings as reflected in their federal tax return—$23,282.00.

The debtor's counsel contends that had the debtor not joined in with her husband in filing the tax returns her tax liability would have been only $200.00. The trustee argues, on the other hand, that he is requesting only one-half of eleven-twelfths of the combined tax refunds.[1] He is of the opinion that the sum of $819.55 is a fair and equitable amount under the circumstances of this case.

The Court takes note of a 1976 decision rendered by the Bankruptcy Court for the Richmond Division of this District *In the Matter of Andre Marc Hilliou*, No. BK–75–1248–R (E.D.Va.R.D. May 3, 1976). In *Hilliou*, the bankrupt and his wife filed a joint federal income tax return prior to his filing a petition in bankruptcy. The federal tax refund was endorsed by the parties after the petition had been filed. The refund was turned over to the trustee who claimed the entire amount of the refund. The wife of the bankrupt later sought to recover one-half of the proceeds of the refund on the grounds that the filing of the joint return and the receipt of the refund check made payable to both her and the bankrupt gave her a vested one-half interest in the refund.

The *Hilliou* court rejected the wife's argument for two basic reasons. First, the

---

1. The debtor filed her voluntary petition in bankruptcy on December 19, 1979.

court declared that the trustee clearly "succeeds to any claim or right of action the bankrupt may have against the government for a refund of taxes paid." Second, although the court did acknowledge that by signing the joint return the wife was subject to certain liabilities, this was not thought to be a sufficient reason to find that there was a change of ownership of property between the bankrupt and his wife. Accordingly, the *Hilliou* court held that the mere act of the wife in joining in a joint filing, where she had "no earnings or other income whatsoever for the year in question" did not vest in the wife a title to any portion of the tax refund.

In the instant matter, however, the debtor did have income of $6,767.00 in 1979.[2] The Court agrees with the trustee that the circumstances of this case require a solution which is fair and equitable.

Section 1481 of Title 28 of the United States Code provides that courts of bankruptcy have the powers of a court of equity. This power is concomitant with the bankruptcy court's increased jurisdiction under the Bankruptcy Code, and it is necessary to enable it to effectively exercise that jurisdiction and its enhanced powers under the Bankruptcy Code. This is in addition to the powers granted to courts of bankruptcy under Section 105 of the Bankruptcy Code (11 U.S.C. § 105) and 28 U.S.C. § 1652 (the All Writs Statute).

The Court finds that the debtor did have income for 1979 which was substantially less than her husband's. Accordingly, in exercising its inherent equitable authority, the Court holds that the debtor shall turn over to the trustee the sum of $402.31 [3] for her portion of the 1979 federal and Virginia income tax refunds. In addition, the sum of $127.54, reflecting the balance in the debtor's account with the Virginia National Bank, must also be turned over to the trustee.

Accordingly, IT IS ORDERED that the debtor, Diane Marie Kestner, turn over to the trustee, Ethan Allen Turshen, the sum of $529.85.

---

**2.** This is an important consideration in light of the statement found in 4A *Collier on Bankruptcy*, § 70.18[7], p. 222, n. 43j (14 ed. 1978), wherein it was stated that "[w]here the wife has contributed to the taxed income ... she may be entitled to a proportion of the tax refund. Snedecor, Comments on Income Tax Refunds (1956) 30 J. of Nat'l. Assn. of Ref. 135."

**3.**

| | | |
|---|---|---|
| 1. | Federal income tax refund | $1,076.00 |
| 2. | Virginia income tax refund | 434.00 |
| 3. | Combined income tax refund | $1,510.00 |
| 4. | Eleven-twelfths (11/12) of combined returns | $1,384.16 |

Based on the following fraction:

$$\frac{\text{Wife's (debtor) income of } \$6,767.00}{\text{Combined income} \quad \$23,282.00} \quad X \quad \frac{T}{\text{Tax refund } \$1,384.16}$$

$$T = \$402.31$$