**John R. BUTZ, Trustee in Bankruptcy, Plaintiff,**

v.

**Aletha Ann WHEELER, Defendant.**

**In the Matter of Jack Nelson WHEELER, Aletha Ann Wheeler, Debtors.**

Adv. No. 3–81–0190.
Bankruptcy No. 3–81–00076.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Dec. 4, 1981.

John R. Butz, Springfield, Ohio, trustee.

Paul D. Malina, Springfield, Ohio, for defendant.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court for disposition of the Trustee's Complaint requesting that the Court avoid "the transfer of an undivided one-half interest in the 1980 tax refunds of Debtor Jack Nelson Wheeler to Debtor-Defendant Aletha Ann Wheeler, and that the Court order Defendant to turn over to the Trustee the said transferred funds. This Court held a Pretrial Conference on June 5, 1981, and tried the matter on July 17, 1981. The following decision is based upon the Pretrial Order, the evidence adduced at trial, and post-trial briefs submitted by the parties.

### FINDINGS OF FACT

The pertinent facts are not in controversy. The Debtors, Jack Nelson Wheeler and Aletha Ann Wheeler, husband and wife, filed a Joint Petition in Bankruptcy on January 14, 1981. Prior to the filing, Debtors had filed joint federal and state (Ohio) income tax returns for the calender year 1980, although only Mr. Wheeler had income in 1980. The sum of $3,254.00 is expected as a federal refund and the sum of $215.68 is expected as a state refund, and the checks that will issue will name both Debtors as payees with their names connected by an "and." On or about January 7, 1981, Jack Nelson Wheeler assigned "an undivided one-half interest in his federal and state income tax refunds for the tax year 1980" in an instrument which reads as follows:

## ASSIGNMENT

JACK NELSON WHEELER, OF 12780—4th Alley, South Solon, Ohio, does hereby irrevocably give, transfer and assign to his wife, Aletha Ann Wheeler, of 12780—4th Alley, South Solon, Ohio, an undivided one-half interest in his federal and state income tax refunds for the tax year 1980 which will result from the filing of a joint income tax return, both federal and state, in the consideration of the past, present and future faithful performance of the said Aletha Ann Wheeler's household duties and parental responsibilities. Dated at Springfield, Ohio, this 7th day of January, 1981.

Jack Nelson Wheeler   /s/
Jack Nelson Wheeler

The types of household duties and parental responsibilities performed by Aletha Ann Wheeler, mentioned in the above instrument, were the usual duties and responsibilities performed by a wife and mother, similar to the same duties and responsibilities to be performed in the future. It is also noteworthy that, in past years, the Debtors had used their income tax refund for marital obligations of the parties, although never before had there been an "assignment" executed, as now involved.

The Trustee filed the instant Complaint on March 23, 1981. The Trustee contends that the instant "assignment" constitutes a preferential transfer under 11 U.S.C. § 547, or, in the alternative, a fraudulent conveyance under 11 U.S.C. § 548, and should thus be avoided pursuant to the Trustee's respective avoidance powers. 11 U.S.C. §§ 547(b) and 548(a). The Trustee further requests that the Court order Defendant to "turnover" the assigned interest in Debtor's joint tax refunds, conformably to the requirements of 11 U.S.C. § 542(a).

In response, Defendant contends that the instant facts do not support the Trustee's allegation that either a preferential transfer or fraudulent conveyance took place. Defendant contends that the assignment is not preferential because the statutory elements required by 11 U.S.C. § 547(b) are not satisfied—explicitly, (1) there was no

"transfer," i.e. the checks will be made payable to both Mr. Wheeler and Defendant, (2) Defendant is not a "creditor" of Mr. Wheeler, and (3) there was no antecedent debt owed by Mr. Wheeler to his wife. In addition, Defendant contends that a fraudulent transfer did not occur because (1) Defendant did not possess fraudulent intent, and, again, (2) a "transfer" did not occur. Basically, Defendant argues that a Debtor may convert nonexempt into exempt property prior to the bankruptcy Petition filing, and the instant assignment was merely undertaken to entitle Debtors to an extra $800.00 of exemptions provided by O.R.C. §§ 2329.66(A)(4)(a) and (17), and .662.

## DECISION AND ORDER

### I

Disregarding the pre-Petition "assignment" for the moment, the initial question before the Court is what property rights each of the Debtors would have possessed in the joint income tax refund proceeds obtained from checks payable to the order of both Debtors, when only one Debtor contributed taxable income. The Court earlier addressed this matter in *In Re Smith, et al.* 5 B.R. 227, 228; 6 B.C.D. 644; CCH ¶ 67656(8) (Bkrtcy.S.D.Ohio 1980), citing previous decisions, and posited that "... the mere signing of a joint husband and wife tax return by the spouse with no income ... for the purpose of taking advantage of perceived tax advantages, [does not thereby effect a] metamorphosis ... converting the nature of the funds into the property of the other party." This Court in *Smith* further decided that a husband and wife are not entitled to duplicate exemptions if the exempt funds are derivative from joint income tax refund proceeds. The Court sees no reason for departure from the *Smith* decisions, and, for the sake of brevity, need not reiterate the rationale herein.

In this context, the property rights in both the federal and state joint tax refund check proceeds are determined by state law. See, also, *Matter of Boudreau*, 350 F.Supp. 644 (D.Conn.1972). Although

joint federal tax filings are authorized by 26 U.S.C. § 6013(a) of the Internal Revenue Code, 26 U.S.C. § 6013(a) does not affect the ownership of property rights in the federal refund check proceeds. A basic purpose of 26 U.S.C. § 6013(a) is to equalize the tax burden of married couples in common law and community property states. *Re Estate of Trecker*, 62 Wis.2d 446, 215 N.W.2d 450, 67 A.L.R.3d 1030 (1974). 26 U.S.C. § 6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing. For pre-Code analyses, see, also, *Re Wetteroff*, 453 F.2d 544 (8th Cir. 1972); *Re Estate of Carson*, 83 N.J.Super. 287, 199 A.2d 407 (1964); *Re Estate of Trecker, supra.* Similarly, O.R.C. § 5711.-14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

■ Ohio law explicitly leaves property rights unaltered by the fact of marriage: "Neither husband nor wife has any interest in the property of the other, except [implicit in the duty to support], the right to dower, and the right to remain in the mansion house after the death of either." O.R.C. § 3103.04. Applied to the case at bar, the instant refund checks represent overpayment of tax obligation incurred solely by Mr. Wheeler's earnings, and thus constitute a refund of Mr. Wheeler's wages. In consequence, any check proceeds are the property of Mr. Wheeler and are properly includable in Mr. Wheeler's bankruptcy estate, unless validly conveyed by pre-Petition transactions. The fact that the checks name both Debtors as payees, and thus are not transferable without Mrs. Wheeler's signature, O.R.C. § 1303.15(B), (U.C.C. § 3–116), does not alter the underlying property rights in any of the proceeds.

## II

Having determined that the proceeds from the income tax refund checks are property of Mr. Wheeler's estate, the second basic question confronting the Court is the effect of the pre-Petition "assignment" to Mrs. Wheeler of an undivided one-half in-terest in the tax refunds. The Court notes that its earlier decision, *In Re Smith, supra,* specifically indicated that in *Smith* no evidence was presented of an *inter vivos* gift. Defendant argues *instanter* that the "assignment" is not a "transfer," but merely a "declaration, designed to come within the ambits of the *Smith* case." There is a very fundamental distinction on the facts *sub judice.*

■ The Court concurs with Defendant to the extent that the assignment does not constitute a preferential transfer because it was not made to a creditor on account of an antecedent debt, as required in 11 U.S.C. § 547(b)(1) and (2). Although both Debtors possess familial responsibilities for each other, these responsibilities cannot be the basis of consideration to bind either party to the type of contractual debtor-creditor relationship envisioned by 11 U.S.C. § 547(b)(1) and (2). The Court does note, however, that, under the Code's broad definition of "transfer," Mr. Wheeler's "assignment" did constitute a "transfer" of one-half of the check proceeds since the proceeds in their entirety were Mr. Wheeler's property. 11 U.S.C. § 101(40). In short, since Mrs. Wheeler did not provide legal consideration to create an antecedent debt "owed" by Mr. Wheeler, (11 U.S.C. § 547(b)(2)), Mr. Wheeler's assignment was merely a pre-Petition gratuitous transfer to his wife.

■ Although not preferential, the assignment, (i.e. gift), however, does satisfy the elements of a fraudulent conveyance under 11 U.S.C. § 548(a)(2)(A) and (B)(i). In this case, Mr. Wheeler received nothing of legal value in exchange for the assignment, and the parties do not deny that Mr. Wheeler was insolvent on the date of the transfer. These facts alone are sufficient for a finding of a fraudulent conveyance regardless whether or not Defendant possessed actual intent to defraud, though the timing of the instant assignment just prior to the bankruptcy Petition filing certainly *prima facie* indicates such intent. 11 U.S.C. § 548(a)(2).

In this regard, the Court notes that the instant transfer involves more than a sim-

ple conversion of property from non-exempt to exempt status. Although the pre-Petition conversion of property into non-exempt property has been considered proper under both the Bankruptcy Act and Code (facetiously referred to as "bankruptcy estate planning"), the instant transfer involves the conversion of non-exempt property of one Debtor to exempt property of another Debtor. In two-party situations such as this, the rule condoning property conversion from non-exempt to exempt property is inapplicable if the elements of a fraudulent conveyance are determined to exist, since, by definition, an *inter vivos* "gift" as contemplated by the *Smith* decision is impermissable if within one year of the donor's bankruptcy Petition filing.

In accordance with the above decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the instant assignment is avoidable by Plaintiff-Trustee under 11 U.S.C. § 548(a).

IT IS FURTHER ORDERED that Defendant turnover the subject income tax refunds to the Trustee as required in 11 U.S.C. § 542(a), if and when received.