**In re Paul Duane TAYLOR, Bonnie Jean Taylor.**

**In re John Milton McHENRY, Selma Mae McHenry.**

**In re Kenneth Eugene THOMAS, Dorothea Irene Thomas.**

**In re William Paul SWARTZ, Debbie Darlene Swartz.**

**In re William Parl STALEY, Carol Ann Staley.**

**Bankruptcy Nos. 82–00130, 81–01880, 81–00234, 81–01573 and 82–00379.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Sept. 3, 1982.

---

6. See footnote # 3, *supra.*

Samuel G. Bolotin, Sandra C. Bolotin, Toledo, Ohio, David Meekison, Napoleon, Ohio, for debtors.

Thomas R. Michalski, Philip R. Joelson, Toledo, Ohio, trustees in bankruptcy.

## MEMORANDUM AND ORDER DENYING CLAIMED EXEMPTIONS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

The above captioned cases are now before the Court for decision upon the Trustee's objection to the Debtors' claimed exemptions in Schedule B–4 of their joint petitions. In each of the above cases the Court finds that the Trustee's objections are well taken and, therefore, orders that the exemptions in question be limited accordingly.

The relevant factual background in each of the above cases is substantially identical. Each case involves a joint petition under Chapter 7 of the Bankruptcy Code wherein the Debtors, as husband and wife, filed joint federal and state income tax returns. One of the spouses, the husband, was the sole wage earner with the wife in each case unemployed outside the home. From the income of the wage earning spouse amounts were withheld in excess of the amount eventually required to satisfy the couples' tax liability which resulted in an income tax refund for the taxable year in question. The income tax refund checks were made jointly payable to the husband and wife in each instance. Each of the joint debtor/spouses in the above cases has claimed an exemption on the tax refund in the amount of $800.00 consisting of $400.00 under Section 2329.66(A)(4)(a) Ohio Revised Code and $400.00 under Section 2329.-66(A)(17) Ohio Revised Code.

The issue raised by the Trustee's Objection to the claimed exemptions is what property interest, if any, the non wage earning spouse can claim in the proceeds of the tax refunds in question. The Trustee maintains that, notwithstanding the joint filing of the income tax returns and the resulting jointly payable income tax refund checks, the non wage earning spouse has no property interest in, and therefore is entitled to no exemption in the proceeds of the tax refund. The Debtor maintains that the joint filing and jointly payable refund checks have created a property interest in the non-income producing spouses thereby enabling them to claim the property as exempt.

In *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1972), the Supreme Court of the United States concluded that a wage earner's income tax refund was 'sufficiently rooted in the pre-bankruptcy past' to be defined as 'property' under Section 70(a)(5) of the Bankruptcy Act, 11 U.S.C. Section 110(a)(5). Although not raised as an issue in the present cases, the Court finds Section 541 of the Bankruptcy Code's inclusion of "all legal or equitable interests of the debtor in property as of the commencement of the case" to be similarly broad in scope to include the tax returns in issue as property of the estate subject to administration in these bankruptcy cases. *See e.g., Ballou v. Lentz,* 12 B.R. 611 (Bkrtcy. D. Con. 1981); *In re DeVoe,* 5 B.R. 618, 6 B.C.D. 924, 2 C.B.C. 2d 1135 (Bkrtcy. S.D. Ohio 1980).

State as opposed to federal law, governs two other important considerations. First, the Ohio legislature, pursuant to the authority granted in 11 U.S.C. Section 522(b)(1), "opted out" of the Federal exemptions permitted under Section 522(d) of the Bankruptcy Code. Section 2329.662 Revised Code. A debtor domiciled in Ohio then may only exempt the property specified under Section 2329.66 Revised Code. *Phillips v. Household Finance Corporation,* 13 B.R. 811 (Bkrtcy. N.D. Ohio 1981); *Fisher v. Liberty Loan Corp.,* 6 B.R. 206, 2 C.B.C.2d 1335 (Bkrtcy. N.D. Ohio 1980). More importantly, for present purposes, Ohio law also governs the question of the spouses' relative property rights in the federal and state income tax refunds which are the subject of this dispute. *Butz v. Wheeler,* 17 B.R. 85 (Bkrtcy. S.D. Ohio 1981); *In re Colbert,* 5 B.R. 646 (Bkrtcy. S.D. Ohio 1980).

■ The bankruptcy courts which have considered the question of the respective property rights, under Ohio law, of income and non-income producing debtor/spouses in income tax refunds resulting from joint filings have concluded that the latter have no property interest in the tax refund of the former as would entitle them to an exemption under Section 2329.66 Ohio Revised Code. *See In re Smith,* 5 B.R. 227, 228, 6 B.C.D. 644, 645 (Bkrtcy. S.D. Ohio 1980); *In re Colbert,* 5 B.R. at 648. The conclusion reached, which this Court follows for purposes of decision in the present case, is consistent with that of other jurisdictions both under the Bankruptcy Code, *see e.g. Bekofske v. Thomas,* 14 B.R. 759 (Bkrtcy. E.D. Mich. 1981); *Ballou v. Lentz,* 12 B.R. 611 (Bkrtcy. D. Kan. 1981), and the Bankruptcy Act, *see e.g. In re Boudreau,* 350 F.Supp. 644 (D. Conn. 1972).

In *Butz v. Wheeler,* 17 B.R. at 87–88, the Bankruptcy Court for the Southern District of Ohio explained further its earlier holding in *In re Smith,* 5 B.R. at 228 6 B.C.D. at 644, "that the mere signing of a joint husband and wife tax return by the spouse with no income . . . for the purpose of taking advantage of perceived tax advantages, [does not thereby effect a] metamorphosis . . . converting the nature of the funds into the property of the other party:"

Although joint federal tax filings are authorized by 26 U.S.C. Section 6013(a) of the Internal Revenue Code, 26 U.S.C. Section 6013(a) does not affect the ownership of property rights in the federal refund check proceeds. A basic purpose of 26 U.S.C. Section 6013(a) is to equalize the tax burden of married couples in common law and community property states. *Re Estate of Trecker,* 62 Wis.2d 446, 215 N.W.2d 450, 67 A.L.R.3d 1030 (1974). 26 U.S.C. Section 6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing. For pre-Code analyses, See, also *Re Wetteroff,* 453 F.2d 544 (8th Cir. 1972): *Re Estate of Carson,* 83 N.J. Super. 287, 199 A.2d 407 (1964); *Re Estate of Trecker, supra.* Similarly, O.R.C. Section 5711.–14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

Ohio law explicitly leaves property rights unaltered by the fact of marriage: 'Neither husband nor wife has any interest in the property of the other, except [implicit in the duty to support], the right to dower, and the right to remain in the mansion house after the death of either.' O.R.C. Section 3103.04. Applied to the case at bar, the instant refund checks represent overpayment of tax obligation incurred solely by [the working spouse's] earnings, and thus constitute a refund of [his] wages. In consequence, any check proceeds are the property of [the working spouse] and are properly includable in [his] bankruptcy estate, unless validly conveyed by pre-Petition .transactions. The fact that the checks name both Debtors as payees, and thus are not transferable without [the working spouse's] signature, O.R.C. Section 1303.15(B), (U.C.C. Section 3–116), does not alter the underlying property rights in any of the proceeds.

The Court follows the result of the other bankruptcy courts considering the effect of Ohio law in its own determination that the non-income producing spouse has no property interest, and therefore no right to claim an exemption under Section 2329.-66 Revised Code, in an income tax refund made jointly payable to husband and wife debtors. Further, the Court recognizes that, in cases where husband and wife have both earned wages and made contributions through income tax withholdings which exceed their eventual joint tax liability, that each spouse has a potential property interest in the tax refund. In future cases, where both spouses have earned wages and made contributions exceeding their eventual tax liability, the Court will leave it to the Trustee to propose a formula for a fair allocation of the tax refund, which formula, absent proof to the contrary, should be presumed to be fair and equitable. *See generally, Lieshout v. Verill,* 17 B.R. 652, 655 (Bkrtcy. D. Md. 1982) (Prorating a tax refund between spouses' estates based upon each spouses's annual earnings is presumptively fair and equitable). *See also, In re Kestner,* 9 B.R. 334, 336 (Bkrtcy. E.D. Va. 1981) (Prorating according to the spouse's contribution to the couple's total income); *In re Colbert,* 5 B.R. 646, 648–49 (Bkrtcy. S.D. Ohio) (Each spouse has a property interest in the refund to the extent that their withholdings exceeded their portion of the joint tax liability). In the event of a dispute in the manner of determination of a spouse's property interest in the income tax refund, the Court will make its own determination as to the proper formula to be applied.

In view of the foregoing, it is hereby,

ORDERED that the exemptions of the debtor spouses in any income tax refund in the above captioned cases be limited to a maximum amount of $400.00 under Section 2329.66(A)(4)(a) Ohio Revised Code and $400.00 under Section 2329.66(A)(17) Ohio Revised Code, with no exemption in the proceeds of the income tax refund being permitted to the non-income providing spouses.