## In re Lester SMITH and Verna B. Smith, Debtors.

### Bankruptcy No. B86–3607.

United States Bankruptcy Court, N.D. Ohio, E.D.

Sept. 11, 1987.

Paul Kukuca, UAW Legal Services, Elyria, Ohio, for debtors.

David O. Simon, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is a motion of the Trustee for an order directing the Debtors to turnover certain funds pursuant to 11 U.S.C. §§ 541 and 542. A hearing was held, with due notice having been made upon all parties entitled thereto. Pursuant to Rule 7052 of the Bankruptcy Rules, the following constitutes the findings of this Court:

### I

This is a core proceeding pursuant to provisions of 28 U.S.C. § 157(b)(2)(E), wherein the Trustee seeks the turnover of $3,195.16 from a tax refund received by the Debtors postpetition.[1] The facts are generally undisputed and reveal that the Debtors sought relief under Chapter 7 on November 18, 1986. On December 17, 1986, the Debtors were examined, and the Trustee's report of no distribution was filed. The Debtors were issued their discharge on February 20, 1987, and, on April 7, 1987, their estate was closed.[2] Subsequently, on April 14, 1987, the Debtors received a federal income tax refund of $4,464.00, in addition to a state income tax refund in an amount of $75.96. On April 27, 1987, the Debtors provided the Trustee with copies of their 1986 tax returns. Upon the Trustee's motion, the case was reopened on May 28, 1987, and the instant motion ensued.

### II.

The contentions of the parties hereto, which are several in number, have been

---

1. The Trustee's motion seeks $3,739.96, whereas his supporting brief seeks $3,195.16.

2. On April 7, 1987, the Trustee made a request for the Debtors to submit their 1986 tax returns. Disputedly, a prior request was made by the Trustee at a time prior to the case being closed.

duly considered by the Court. The record in its entirety has been reviewed, in addition to the Court having heard the respective arguments of counsel. The law is well established that income tax refunds constitute property of a bankruptcy estate, title to which vests in the estate upon the filing of the debtor's Chapter 7 petition. *Tursh-en v. Chapman*, 823 F.2d 836 (4th Cir. 1987); *Kokoszka v. Belford*, 417 U.S. 642, 645–48, 94 S.Ct. 2431, 2433–35, 41 L.Ed.2d 374 (1974); *In re Doan*, 672 F.2d 831, 833 (11th Cir.1982); *cf., Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).[3] Only the portion of the refund which is attributable to prepetition withholding is properly included in the estate, *In re Rash*, 22 B.R. 323, 9 B.C.D. 411 (D.Kan.1982); and postpetition property inures to the debtor's fresh start. *See, Segal, supra.* Where appropriate, a pro-rationing of the refund is proper. *In re Devoe*, 5 B.R. 618, 620 (Bankr.S.D.Ohio, 1980); *In re Doan, supra* at 832.

Herein, the Debtors contend, *inter alia,* that the assets of the reopened estate are only those portions of the tax refund remaining in the Debtors' possession as of May 28, 1987. The Trustee contends that all of the tax refund which can be attributed to the Debtors' prepetition earnings is property of the estate, notwithstanding what amount may or may not presently be in the Debtors' possession. Further, the Debtors contend that both are entitled to claim exemptions against their tax refund, even though the tax return was filed only by Lester Smith as a married person filing individually.[4]

■ It is uncontested, and the Debtors represent, that of the total tax refund received the Debtors presently have only $1,586.00 remaining in their possession.[5] It was not alleged, and the Court does not find, that the Debtors failed to report prop-

erty of the estate, nor that they effected transfers of estate property with an intent to hinder, defraud or delay creditors or these proceedings. The omissions and commissions of the Debtors and of the Trustee were based on nothing less than good intentions. Obviously, the turnover of the subject tax refund should have occurred pursuant to 11 U.S.C. §§ 541 and 542 prior to a discharge and closing of the Debtors' case. Such error of the Trustee was excusable. Consequently, once the case was closed and the Debtors received their tax refund, they had an unrestrained right to such funds, subject to the reopening of their case which occurred. The Debtors made no misrepresentations to cause the Trustee to close their case prematurely.

■ The Debtors' claim for a dual exemption claim is invalid. A non-income producing debtor spouse is without a requisite property interest in a tax refund which would entitle such spouse to an exemption. *In re Taylor*, 22 B.R. 888 (Bankr.N.D.Ohio 1982); *In re Smith*, 5 B.R. 227 (S.D. Ohio 1982).

■ To avoid the imposition of otherwise harsh results, the full amount of the tax refund will not be returned to the estate. It is hereby ordered that the Debtors return the amount of $786.00 to the Trustee for further administration within their estate allowing an $800.00 exemption to co-Debtor, Lester Smith.

IT IS SO ORDERED.

---

**3.** Although the *Segal* decision pertains to a loss carryback, the legislative history of the Code, 11 U.S.C. § 541, is clear to state that that holding is not limited to carrybacks and, further, the right to a refund is property of the estate. S.Rep. No. 989, 95th Cong.2d Sess. 82 (1978); H.R.Rep. No. 595, 95th Cong.2d Sess. 367 (1977), U.S.Code & Admin.News 1978, pp. 5787, 5868, 6323.

**4.** Debtors' Brief In Opposition, p. 2.

**5.** An amount of $1,000.00 is reportedly used for a bond at the Lorain County Common Pleas Court, with the remaining $586.00 on deposit in the Debtors' personal bank account.