**In the Matter of Richard John HONOMICHL, Suzette Kay Honomichl, Debtors.**

**No. 87–866–C.**

United States Bankruptcy Court, S.D. Iowa.

Dec. 21, 1987.

---

Robert M. Benton, Carlisle, Iowa, for debtors.

David A. Erickson, Trustee, West Des Moines, Iowa.

## ORDER ON OBJECTION TO EXEMPTIONS

LEE M. JACKWIG, Bankruptcy Judge.

On September 15, 1987 a telephonic hearing on trustee's objection to property claimed as exempt was held in Des Moines, Iowa. David A. Erickson, trustee, was present and Robert M. Benton appeared on behalf of the debtors. The case has been submitted on briefs, Mr. Honomichl's affidavit and a letter from Mr. Burt Vust, an official with the International Union of Operating Engineers.

Facts pertinent to the resolution of this case are not disputed. The debtors filed a joint petition on March 31, 1987. They claim a 1973 Highlander fifth wheel camp-

er as an exempt tool of the trade under Iowa's exemption statute. Richard Honomichl is employed as a dredge operator. His employment often takes him to remote job sites. He asserts that the camper is necessary for storage of equipment and living quarters when working at such locations.

The debtors also claim an exemption in income tax refunds in the amount of $2,000.00. Only Richard Honomichl is a wage earner.

## DISCUSSION

### I.

Iowa's tools of the trade exemption provision provides:

> If the debtor is engaged in any profession or occupation other than farming, the proper implements, professional books, or tools of the trade of the debtor or a dependent of the debtor, not to exceed in value ten thousand dollars in the aggregate [may be claimed exempt].

Iowa Code section 627.6(10) (1987). The trustee challenges the camper's status as a tool of the trade on the ground it is not reasonably necessary to Richard's job performance.

In construing section 627.6(10), the court is mindful of the well-settled proposition that Iowa's exemption statute must be liberally construed. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). Yet, this court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant. *Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), *citing Wertz v. Hale*, 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long*, 234 Iowa 843, 12 N.W.2d 171 (1944).

The term "implement" has been defined as "an item reasonably fitted or employed as a means of making labor more effective." *Matter of Hahn*, 5 B.R. 242, 245 (Bankr.S.D.Iowa 1980). Contrary to the trustee's assertions, it need not be shown that the implement claimed as ex-

empt be a necessity to the debtor's employment. *Baker v. Maxwell*, 183 Iowa 1192, 168 N.W. 160, 161 (1918). The critical inquiry in each case is whether implements and tools of the trade are proper in the reasonable conduct of the debtor's trade or profession.

■ As evidenced by Mr. Honomichl's affidavit and Mr. Vust's letter, the camper in this instance primarily serves as a shelter for the debtor when working away from home. In the sense that shelter is a basic necessity of life, it could be viewed as a requisite for engaging in any employment. The same could be said for food, medicine and clothing. However, to deem such necessities of life as implements or tools of the trade would impermissibly broaden Iowa's exemption statute.

According to the debtor's affidavit, he carries "specialized wearing apparel" and "a wide variety of tools and equipment which may not be available on each and every job site" in the camper. With respect to transporting such items, the camper in this case is being used as a vehicle. This court has previously held that vehicles do not qualify as tools of the trade. *See In the Matter of Van Pelt*, 83 B.R. 617 (Bankr.S.D.Iowa, 1986). Hence, the camper cannot be claimed as an exemption under section 627.6(10).

## II.

■ The trustee contends that Suzette Honomichl is not entitled to claim a tax refund exemption because she did not contribute to tax withholdings. Iowa Code section 627.6(9)(c) states in part:

> In the event of a bankruptcy proceeding, the debtor's interest in accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate [may be claimed exempt].

Whether Suzette, as a non wage earner, is entitled to a tax refund exemption turns on state law. *In re Taylor*, 22 B.R. 888, 890 (Bankr.N.D.Ohio 1982). Specifically, the court must determine what interest, if any, Suzette has in the wages of Richard under Iowa law.

A wife has no inchoate right to her husband's personal property. *Gunsaulis v. Tingler*, 218 N.W.2d 575, 578 (Iowa 1974). One spouse's right to ownership of property separate from that of the other spouse has been established by statute. According to Iowa Code section 597.16, "a married person may receive the wages for the person's personal labor ... as if unmarried." The tax withholdings and refunds were derived solely from Richard's wages. Suzette has no interest in Richard's wages.

It is important to note that this result is not altered by the fact that the debtors may have filed a joint tax return. It well settled that a joint filing does not change the ownership of property rights between taxpayers. *In re Wetteroff*, 453 F.2d 544 (8th Cir.1972), *cert. denied* 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188, *rehearing denied* 409 U.S. 1050, 93 S.Ct. 532, 34 L.Ed.2d 503 (1972); *In re Taylor*, 22 B.R. 888, 890 (Bankr.N.D.Ohio 1982); *Butz v. Wheeler*, 17 B.R. 85, 88 (Bankr.S.D.Ohio 1981); and *In re Colbert*, 5 B.R. 646, 649 (Bankr.S.D. Ohio 1980).

## CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing discussion, the Highlander fifth wheel camper does not qualify as an implement or tool of the trade under Iowa Code section 627.6(10). Further, Suzette K. Honomichl is not entitled to claim a tax refund exemption under Iowa Code section 627.-6(9)(c).

THEREFORE, the trustee's objections to property claimed exempt are sustained.