**In the Matter of Stanley E. CRUM, Debtor.**

**Bankruptcy No. 80–59 C.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Sept. 11, 1980.

Raymond Farfante, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

## ORDER ON APPLICATION TO DIRECT TRUSTEE TO TURN OVER INCOME TAX REFUND CHECK

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER in controversy is the respective rights of Stanley E. Crum, (the Debtor) and the Trustee to an income tax refund check issued jointly to the Debtor and to his wife, who is not involved in any proceeding under the Bankruptcy Code.

The matter is presented for this Court's consideration by an Application to Direct Trustee to Turn-Over Income Tax Refund Check filed by the Debtor. It is the contention of the Debtor that the Trustee has possession of the income tax refund check issued by the IRS and the Trustee is not entitled to the funds represented by the check; therefore, he should be ordered to turn over the check to the Debtor. This contention was initially based on the premise set forth in the Application that the Debtor and his wife filed a joint return; the refund check was made payable to them; and, that since she was not a debtor involved in this proceeding, the refund check is not property of the estate.

Counsel for the Debtor also urged for the first time at the hearing, although not very forcefully, that the check is a property held by the Debtor and his spouse as tenants by the entirety and thus is not subject to administration. The real thrust of the Debtor's argument is centered, however, around the contention that the Debtor's wife had substantial business deductions which in fact produced the refund, therefore, the Trustee is not entitled to any part of the refund check.

The facts controlling this controversy are without dispute and can be briefly summarized as follows:

On January 17, 1980, the Debtor filed his voluntary petition for an Order for Relief under Chapter 7 of the Bankruptcy Code. The schedule of assets submitted by the Debtor neither scheduled the income tax refund claim as an asset nor claimed it as exempt on the B-4 Schedule. Prior to filing the petition in bankruptcy, the Debtor and his non-debtor spouse filed their joint income tax return in which they stated their respective gross taxable incomes as $15,600 for the Debtor and $12,218.39 for his non-debtor spouse. The return of the Debtor and his non-debtor spouse also indicates that $950.58 was withheld on his wages and $748.95 was withheld on her commission earnings during the tax year of 1979. The return also reveals that the Debtor's spouse, who was an insurance salesperson compensated on a commission basis only, used her automobile in her employment and claimed that use as a deductible business expense on the couple's joint tax return.

Finally, the record further reveals that on May 12, 1980, the Refund Center of the IRS issued a check in the amount of $975.40. The check was made payable to the Debtor and to his non-debtor spouse and was mailed to the Trustee apparently because the Refund Center assumed that both taxpayers were involved in a bankruptcy proceeding.

The question whether an income tax refund due a bankrupt is subject to administration has been answered affirmatively by the Supreme Court in *Kokoszka v. Belford,* 414 U.S. 1091, 94 S.Ct. 721, 38 L.Ed.2d 548 (1974). In addition, there is nothing in the Code which would detract from the continuing vitality of *Kokoszka, supra.* On the contrary, there is no doubt that the Code's definition of the term "property of the estate" is an all inclusive definition and was intended to include all legal or equitable interests of the Debtor.

Senator Dennis DeConcini in his floor statement on October 5, 1978, and Representative Don Edwards in his floor statement on September 28, 1978 in clarifying § 541(a)(7), in identical statements, both noted that:

"The addition of this provision by the House amendment merely clarifies that § 541(a) is an all–embracing definition . . . . . However, only the debtor's interest in such property becomes property of the estate."

124 Cong.Rec.S. 17403 (daily ed. Oct. 6, 1978) (remarks of Sen. Dennis DeConcini); 124 Cong.Rec.H. 11087, H. 11096 (daily ed. *Sept. 28, 1978* ) remarks of Rep. Don Edwards). Congressman Edwards further discussed both the meaning of "property" and the broad scope of § 541. With regard to the absence of a definition, or a rule of construction in § 102 of the Code, he remarked that "although property is not construed in this Section, it is used consistently throughout the Code in its broadest sense . . ." *Id.* at H. 11090. Representative Edwards added "thus, as § 541(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such interest is limited in the hands of the debtor, it is equally limited in the hands of the estate . . ." *Id.* at H. 11096.

In addition, the House Judiciary Committee in its Report addressed the issue of whether the debtor's interest in entireties property is property of the estate when it stated:

"The bill also changes the rules with respect to marital interests in property. Interests in the nature of dower and curtesy will not prevent the property of the estate, nor will it prevent sale of the property by the trustee. With respect to other co–ownership interest, such as tenancies by the entireties, joint tenancies, and tenancies in common, the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or waiver of rights by the spouse of the debtor or the co–owner, as may be required for a complete sale under applicable State law. The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property, and by requiring the trustee to pay over to the spouse the value of the spouse's interest in the property . . ."

House Report at 177. (Emphasis added). *In re Levy Ford*, 3 B.R. 559, 567, 6 B.C.D. 202, 205 (Bkrtcy.D.Md.1980).

Thus, the initial inquiry in this case must focus on the primary contention of the Debtor that he had no cognizable legal or equitable interest in the claim for a tax refund and in turn, the check was issued by the IRS in satisfaction of the refund claim. This contention is without merit and must be rejected for the following reasons:

First, this contention as it is articulated in the Application is meaningless as it simply states that because the refund check was issued on a joint income tax return filed by the Debtor and his non–debtor spouse, the check is not property of the estate.

Second, the contention that the refund check is attributable to the business deductions of the non–debtor spouse is equally without merit. It is undisputed that the Debtor contributed $950.58 through payroll deductions during the tax year toward his total tax obligation for that particular year. It is also undisputed that the non–debtor spouse also contributed toward her tax obligation for the tax year through payroll deductions. In addition, she claimed business deductions which the Debtor did not. The Debtor, however, failed to present any proof to establish that the tax refund represented by the check was attributable solely and exclusively to his non–debtor spouse's business deductions, i. e. so that without those deductions, there would not have been any refund.

In light of the uncontroverted facts of this case, it is evident that at least some part of the tax refund was generated by the payroll deductions made on the Debtor's pay checks therefore this Court is satisfied that the Debtor's claim must also be rejected and at least part of the refund check without a doubt is property of the estate within the meaning of § 541 of the Bankruptcy Code.

The Debtor's second contention, although not initially advanced in his complaint, but only later voiced inarticulately at the hearing, is that the refund check is held by the Debtor and his non–debtor spouse as tenants by the entireties and, therefore, is not subject to administration because of the type of ownership involved. This contention is equally without merit and must be rejected for the following reasons:

■ The question of what is property under § 70(a) of the Bankruptcy Act of 1898, as amended is a federal question. *Chicago Board of Trade v. Johnson*, 264 U.S. 1, 10, 44 S.Ct. 232, 234, 68 L.Ed. 533 (1924). The question of what constitutes property within the meaning of § 541 of the Code apparently continues to remain a federal question. *Report of the Committee on the Judiciary, House of Representatives, To Accompany H.R. 8200,* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 367–8 (1977) [hereinafter "House Report"] U.S.Code Cong. & Admin.News 1978, p. 5787; *Report of the Committee on the Judiciary, United States Senate, To Accompany S. 2266,* S.Rep.No. 95–989, 95th Cong. 2d Sess. 82–3 (1978) [hereinafter "Senate Report"], U.S.Code Cong. & Admin.News 1978, p. 5787, 4 *Collier on Bankruptcy,* ¶ 541.02 at 541–12 (15th ed. 1979). Consequently, the question of whether a tenancy by the entirety interest as defined by Florida law is a legal or equitable interest of the debtor under § 541(a) is also a federal question. However, in the absence of a federal law of property, the existence and nature of the debtor's interest in tenancy by entireties property is determined by non–bankruptcy law. *Report of the Commission on Bankruptcy Laws of the United States*, H.R.Doc. 93–137, 93rd Cong. 1st Sess. Pt. I at 194 (1973); 4 *Collier on Bankruptcy,* ¶ 541.02 at 541–10 (15th ed. 1979). Accordingly, resolution of the issue of whether a debtor who holds property as a tenant by the entirety has an interest which would become an asset of the estate requires a careful examination of Florida law concerning the nature of a tenancy by the entirety. *In re Ford,* 3 B.R. 559, 6 B.C.D. 202–204 (Bkrtcy.D.Md. 1980).

In Florida, an estate by the entirety "may exist in an estate in fee, for life, for years, or other chattel real" 12 Fla.Jur.2d *Co–tenancy and Partition,* § 13 citing *Matthews v. McCaine,* 125 Fla. 840, 170 So. 323 (Fla.1936). In addition, estates by the entirety in Florida may exist in personal property or choses in action. *Roger Dean Chevrolet Inc. v. Fischer,* 217 So.2d 355 (Fla. 4th DCA 1969); *Crawford v. United States Fidelity & Casualty Co.,* 139 So.2d 500 (Fla. 1 DCA 1962); *Lacker v. Zuern,* 109 So.2d 180 (Fla. 2d DCA 1959); *Doing v. Riley,* 176 F.2d 449 (5th Cir. 1949).

To demonstrate an intent to create a tenancy by the entirety in personal property where there is a formal document, such as a deed or a certificate of title of the ownership interest as in the case of automobiles or boats presents no great difficulty. In addition, in the case of a bank account for example, the signature card usually indicates the type of the account intended by the depositor. Standing alone, however, such evidence is insufficient, and more evidence of intent to create a tenancy by the entirety in such an account must be demonstrated, i. e. clearly shown on the face of the passbook itself or on the signature card. *In re First National Bank of Leesburg v. Hector Supply Co.,* 254 So.2d 777 (Fla.1971).

■ Considering the foregoing, this Court is satisfied that the mere fact that the tax return was a joint tax return by the Debtor with his non–debtor spouse did not create a tenancy by the entireties ownership interest in the tax refund under the applicable laws of this State. This Court is equally satisfied that the refund check is property of the estate within the meaning of § 541, and at least some part of it is attributable on the deductions made on the paycheck by the Debtor during the tax year. One must, however, consider what part of the refund check is subject to the claim of the trustee and what part belongs to the non–debtor spouse. In light of the fact that there is no proof by the Debtor to establish to what extent the business deductions contributed to, or enhanced, the refund check in question, the check shall be allocated between the trustee and the non–

debtor spouse in amounts reflecting a direct ratio to the monies withheld from the Debtor's and the non–debtor's spouse's respective paychecks.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application to Direct Trustee to Turnover Income Tax Refund Check filed by the Debtor be, and the same hereby is, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee shall negotiate the refund check forthwith and pay over, as the share of the non–debtor spouse, the sum based on the ratio of their respective withholdings on their respective paychecks during the tax year in question, to wit: the sum of $429.18.