In re Paul Edward BALLOU, a/k/a Paul
E. Ballou, a/k/a Paul Ballou, Debtor.

Paul Edward BALLOU, Plaintiff,

v.

F. Stannard LENTZ, Trustee, Defendant.

Bankruptcy No. 80–20029.

United States Bankruptcy Court,
D. Kansas.

July 24, 1981.

Walter B. Patterson, Fort Scott, Kan., for debtor/plaintiff.

F. Stannard Lentz, Shawnee Mission, Kan., trustee.

## MEMORANDUM AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

The facts herein are not in dispute. Paul Ballou, debtor herein, and his wife filed a joint income tax return for the year of 1980, but had not received any refund on the date of filing of his petition on January 12, 1981. The debtor earned 100% of the family income during 1980. His wife was a housewife, otherwise unemployed.

The § 341 meeting was held on March 12, 1981, at which time it was learned that the debtor had received $775.00 in federal income tax refund and $94.00 in Missouri income tax refund, payable to him and his wife jointly.

On March 17, 1981, the debtor filed a Motion to amend Schedule B–4, alleging that his wife was entitled to "one-half of the tax refund as a matter of law," and requested the debtor be authorized to cash income tax refund and remit half of the refund to the trustee and the other half to his wife. On April 6, 1981, the Court executed an Order directing the debtor to deliver the income tax refund check to the trustee, F. Stannard Lentz.

On April 22, 1981, the debtor's Motion came on for hearing before the Court to determine if his wife was entitled to one-half of his state and federal tax refunds. The debtor's attorney filed a memorandum brief in lieu of argument. The trustee, F. Stannard Lentz, made oral argument and the matter was taken under advisement by the Court. The debtor is represented by Walter B. Patterson.

## ISSUE INVOLVED

WHETHER OR NOT A HOUSEWIFE, OTHERWISE UNEMPLOYED, FILING JOINTLY WITH HUSBAND, IS ENTITLED TO ONE–HALF OF ANY INCOME TAX REFUND RECEIVED.

## CONCLUSIONS OF LAW

11 U.S.C. § 541 states that the commencement of a case under § 301 (voluntary petition) creates an estate and that such estate is comprised of all "legal or equitable interest of the debtor in property as of the commencement of the case."

In *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428, the U. S. Supreme Court held that an income tax refund constitutes "property" in a bankrupt estate.

11 U.S.C. § 522(b) states in pertinent part, as follows:

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; . . ."

The Kansas State Legislature did opt out the federal exemption; therefore, the exemption laws of the state of Kansas will govern.

K.S.A. 58–501 states in part, with regard to tenancy in common and joint tenancy:

"Real or personal property *granted* or *devised* to two or more persons including a *grant* or *devise* to a husband and wife shall create in them a tenancy in common with respect to such property . . ." (emphasis added)

The debtor herein alleges that he and his wife hold interest in the refund check as tenants in common, therefore, his wife should be entitled to one-half and the trustee one-half. This court does not agree with that reasoning.

A research of the cases under K.S.A. 58–501 fails to reveal that there are any cases which apply this section to income tax refunds. There are cases, however, that have found bank accounts, real estate, cars, crops and other property that can be granted and devised.

■ The Court finds that income tax refunds cannot be granted or devised; therefore, does not come within the intended scope of K.S.A. 58–501.

In *In re Smith*, 5 B.R. 297, 3 B.L.R. ¶ 67,656 (Bkrtcy., S.D.Ohio 1980), the Court held that regardless of joint and several liability on the tax returns, where one spouse is employed and one is unemployed, the Court won't impute any refund due to the wage-earner's income to the unemployed spouse.

In *In re Crum*, 6 B.R. 138, 3 B.L.R. ¶ 67,645 (Bkrtcy., M.D.Fla.1980), the Court held "There is no doubt that the Code's definition of the term 'property of the estate' is an all inclusive definition and was intended to include all legal or equitable interest of the debtor." The Court further stated "The question whether an income tax refund due a bankrupt is subject to administration has been answered affirmatively by the Supreme Court in *Kokoszka v. Belford*", 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (479 F.2d 990, 2d Cir. 1973), where the U.S. Supreme Court stated:

"We conclude, therefore, that the Court of Appeals correctly held that the income tax refund is 'sufficiently rooted in the prebankruptcy past' to be defined as 'property' under § 70a(5)."

In *In re Crum*, supra, the non-debtor spouse was employed and did provide some contribution towards the family income, and the court held that she was to receive only that percentage she would be entitled to depending upon the amount of money she earned and the amount that was withheld from her check.

■ In this case, the non-debtor spouse was not employed during the year of 1980; therefore, no payment was made by her to I.R.S. Therefore, the Court finds that the entire refunds from both the federal and

state governments are property of the debtor's estate and should be turned over to the trustee for distribution to creditors. The Court therefore, finds that the debtor's Motion to Amend Schedule B–4 must be denied since under K.S.A. 60–2301 et seq., the income tax refunds are not an exemptable item.

IT IS SO ORDERED.