**Richard H. GENS**

v.

**The UNITED STATES.**

**Richard H. and Helen D. GENS**

v.

**The UNITED STATES.**

**Nos. 77–74, 78–74.**

United States Court of Claims.

Feb. 24, 1982.

David S. Fox, Boston, Mass., attorney of record, for plaintiff.

Israel D. Shetreat, Washington, D. C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D. C., for defendant. Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before KASHIWA, KUNZIG and SMITH, Judges.

## ORDER

PER CURIAM:

The decision rendered this date in these cases was adopted by the court before Judge Kunzig's death.

## OPINION

PER CURIAM:

These cases came before the court on plaintiffs' exceptions to the recommended

decision, including findings of fact,[1] filed by Trial Judge David Schwartz on April 28, 1981. Upon consideration of those exceptions and the briefs and oral argument by counsel the trial judge's decision is hereby adopted by the court as the basis for its judgment in these cases. Therefore plaintiff Helen D. Gens in case No. 78–74 is not entitled to recover, defendant is entitled to recover $163,504.34 on its counterclaim in No. 77–74, with interest thereon as provided by law, and the petitions in both cases are dismissed.

## OPINION OF TRIAL JUDGE

SCHWARTZ, Trial Judge:

Overpayments on income taxes by plaintiff husband and wife in 1968, 1970 and 1971 were applied by the Government to penalty assessments against the husband alone. When the plaintiffs brought suit for refund of the overpayments, the Government counterclaimed against the husband for the unpaid portion of the penalty assessments. The court has granted summary judgment for the Government against the husband, Richard H. Gens, and has remanded the case for a determination of any share in the overpayment of the wife, plaintiff Helen D. Gens, and the consequent amount of the counterclaim. *Gens v. United States*, 222 Ct.Cl. 407, 615 F.2d 1335 (1980). Any recovery by Helen would diminish the amount of the overpayments properly applied against Richard's liabilities, and thereby increase the amount for which Richard would be liable on the counterclaim. Helen is, however, found to have no right to share in the overpayment, and the amount of the counterclaim stands unchanged.

The question of fact here decided is how much plaintiff Helen Gens contributed to income reported, and overpayments made, on her joint income tax return with her husband Richard Gens in the years involved. The answer is that Helen contributed $2,263 to the income reported and nothing to the overpayments for which the suit seeks refunds. On these facts, the question of law presented is whether a spouse has an interest in an overpayment, on proof of contribution to joint taxable income but not to actual overpayment. The answer is no.

Details of the returns and of the taxes paid and overpaid are contained in the accompanying findings. The relevant facts as to sources of income and overpayments follow.

The three returns show income from wages, dividends, interest, rentals and gains from sales of securities. For two of the years, W–2 forms attached to the returns show the wages to have been Richard's. No W–2 form is attached for the third year. The schedules for interest and capital gains show that Helen's investments and her share of jointly owned investments generated $76 of the 1968 income and $2,187 of the 1970 income, a total of $2,263.

The source of the overpayments was sums withheld from wages and a cash payment of taxes in 1968. The returns of course do not show the source of the cash payment, whether Helen's or Richard's funds. No cancelled check was produced, and Helen, who was present at trial, did not testify.

Richard Gens, who did testify, could not say of the cash payment in 1968 "where, how, and between whom" it was made. Of Helen's employment, he said only that he and she were employees of companies mentioned in the returns "for a period of time, commencing in the early sixties and ending in the late sixties." Mr. Hyman Silver, a former associate, testified by deposition that Helen was not employed in the years in question. His more precise testimony is accepted. The sum of the evidence is that Helen contributed $2,263 to the income reported and nothing to the overpayments.

On these facts, Helen is not entitled to any of the overpayment. The statute authorizes credit of an overpayment against the liability of "the person who made the

---

1. Although, the court adopts the trial judge's separate findings of fact, which are set forth in his report, they are not printed herein since copies thereof have been furnished to the parties.

overpayment." I.R.C. § 6402. The decisions have not been as clear as the Code seems to be that the person meant is the one who actually made the overpayment and not the person who earned the income. *Rosen v. United States,* 397 F.Supp. 342, 343 (E.D.Pa.1975), quoted in the court's opinion remanding the case, held that: "Spouses filing a joint return have separate interests in any overpayment, the interest of each depending on his or her income, i.e., an overpayment is apportionable to the extent that he or she contributed to the overpaid tax." The first half of the sentence seems to say that income is determinative of the ownership of the overpayment, the second that apportionment is made on the basis of contribution to "the overpaid tax," at least arguably a reference to the overpayment. The facts of the *Rosen* case do not help to resolve the ambiguity, because one spouse was the sole contributor to income and the sole source of income could be assumed to be the sole source of the overpayment. The same is true in Rev.Rul. 74–611, 1974–2 C.B. 399.

This court's opinion on the remand speaks of "overpayments arising from [Helen's] income," and states the question as whether Helen "was the source of any portion of the income tax overpayments" and, again, whether "her income was the source of any of the overpayments." The final statement of the question remanded, however, is "the extent to which Helen Gens was the source of the income tax overpayments." *Gens v. United States,* 222 Ct.Cl. 407, 420–21, 615 F.2d 1335, 1342 (1980). This last formulation is taken to mean that the maker of the overpayments is entitled to the credit or refund, as the statute says.

The court's view is that of *Glaubke v. United States,* 41 AFTR 2d 78–759 (E.D.Va. 1978) where, as in the present case, the Commissioner was seeking to apply an overpayment on a joint tax return to a separate tax liability of the husband. Both spouses had income and the source of the overpayment was withholding on wages of both. The Commissioner sought to apply the sums withheld on the wife's wages to the joint tax liability, so that the sums withheld on the husband's wages would become the

overpayment available to satisfy his separate liability. The court held, rather, that only the husband's proportionate share of excess withholding could be applied to the tax liability. The wife was entitled to a share of the overpayment equal to the ratio of her contributed withholding to total withholding.

Contribution to income was tacitly rejected. Some of the wife's income had not been subjected to withholding. The ratio of her income to total income was thus different from the ratio of her withholding to total withholding. Yet it was the court's decision that the overpayment was to be divided in proportion to the relative contributions of excess withholding constituting the overpayment. The overpayment goes to the maker of the overpayment, not the contributor to income.

Mrs. Gens is therefore not entitled to any part of the overpayment, for failure of proof that she paid any part of it. The entire overpayment was properly applied to the separate tax liability of Mr. Gens. The now settled amount of the counterclaim for the balance of his tax liability is therefore fully payable.

The defendant's motion for summary judgment is denied in the part remaining after the court's order of February 20, 1980. Judgment is entered for defendant for $163,504.38, the amount of the counterclaim, with interest as provided by law.