In re Howard LEVINE, Debtor.

Stephen H. JUDSON, as Trustee in Bankruptcy, Plaintiff,

v.

Howard LEVINE, Defendant.

Bankruptcy No. 82–00409–BKC–SMW.
Adv. No. 85–0457–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

June 21, 1985.

Martin L. Sandler, Miami, Fla., for debtor.

Kevin C. Gleason, Miami, Fla., for Stephen H. Judson.

## FINDING OF FACTS AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on before the Court on a Complaint To Revoke Discharge for failure of the debtor to surrender an income tax refund check to the trustee as property of the estate.

The parties stipulated that the debtor filed a joint income tax return with his non-debtor wife for the year 1981, and that the debtor's wife had no taxable income for said year and the subsequent tax refund was due entirely to the debtor's income. The parties further stipulated that the trustee was entitled to the said tax refund subject to the Court's determination of whether the trustee was entitled to the entire amount of the tax refund or whether the debtor's wife was entitled to one half of the refund as a result of the filing of the joint income return.

In Florida, where a debtor and his non-debtor spouse are entitled to a tax refund as a result of a joint return filed prepetition, the trustee is presumed to be entitled to an amount "reflecting a direct ratio to the monies withheld from the Debtor's and the non-debtor's [sic] spouse's respective paychecks." *In re Crum,* 6 B.R. 138, 142 (Bankr.M.D.FL 1980).

It follows logically that where the non-debtor spouse contributed nothing to the withheld amounts, the entire joint tax refund is property of the estate. *See, In re Ballou,* 12 B.R. 611 (Bankr.D. KA 1981); *In re Taylor,* 22 B.R. 888 (Bankr.N.D. OH 1982); *In re Smith,* 5 B.R. 227, 6 B.C.D. 644 (Bankr.S.D. OH 1980).

Accordingly the Court concludes that the entire subject tax refund is property of the estate and a Final Judgment will be entered herein.

This memorandum decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate judgment shall be entered pursuant to Bankruptcy Rule 9021. Costs may be taxed upon Motion.