**In re Robert N. ALDEN & Patricia E. Alden, Debtors.**

**Bankruptcy No. 86–04124.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Dec. 23, 1986.

James R. McAtee, Pensacola, Fla., for trustee.

Nicholas Petersen, Ft. Walton Beach, Fla., for debtors.

## ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the trustee's objection to the debtors' claim of exemption in the joint Chapter 7 proceeding herein. Specifically, the trustee asserts that the debtor/wife is not entitled to claim any portion of the 1985 income tax refund as exempt because she was unemployed during the taxable year and contributed nothing toward the refund.

In response to said objection, debtors' counsel asserts that the 1985 taxes were filed jointly by husband and wife and in-

cluded as taxable income thereon a specific sum received by the wife as unemployment compensation, thus entitling her to a portion of the refund. He further contends that the refund check itself was issued to both debtors and constitutes tenancy by entireties property.

■ Upon review of the evidence submitted herein, the court has determined that the wife is not automatically entitled to claim a portion of the refund check by virtue of inclusion of her compensation on the 1985 tax return. Although her unemployment compensation was listed as taxable income, no sums were withheld therefrom for actual payment of taxes. The subject tax refund check is a return of the excess of funds which were withheld solely from the husband's earnings. For a similar determination as to each spouse's individual right to a joint refund check, see *In the Matter of Crum*, 6 B.R. 138 (M.D.Fla. 1980), and *In re Howard Levine*, 50 B.R. 587 (S.D.Fla.1985).

■ As to whether the check constitutes property held as tenancy by entireties, this court must concur with *In the Matter of Crum, supra*, wherein it was held that "the mere fact that the tax return was a joint tax return by the debtor with his non-debtor spouse did not create a tenancy by the entireties ownership interest in the tax refund under the applicable laws of this State." The debtors herein have failed to present any further evidence that the subject check constitutes tenancy by entireties property. Under the circumstances of this case the debtor/wife has established no basis for entitlement to the claimed exemption of $482.00 of the 1985 tax refund. It is accordingly

ORDERED AND ADJUDGED that the trustee's objection to the wife's claim of $482.00 of the tax refund as exempt property be, and it hereby is, sustained.