**Obie E. KEMP**

v.

**UNITED STATES of America.**

**Civ. No. 2:89–cv–54–WCO.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Feb. 28, 1990.

Jeffrey Coe Hamling, Office of Jeffrey C. Hamling, Roswell, Ga., for Obie E. Kemp.

Janice Rovner, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

### ORDER

O'KELLEY, Chief Judge.

This case is presently before the court on the defendant's motion to extend the period of discovery and its motion for partial judgment on the pleadings. As the plaintiff has not responded to the defendant's motion to extend the time for discovery, the motion is taken as unopposed. LR 220–1(b)(1), NDGa.[1] Accordingly, the defendant's motion to extend the period of discovery to January 19, 1990 is hereby granted.

The defendant's motion for partial judgment on the pleadings is based upon the argument that the plaintiff has failed to join an indispensable party—his former wife, Annie Sue Kemp. In the captioned case, the plaintiff has sued the defendant for a refund of tax deficiencies, penalties,

---

1. The court also notes that the defendant indicated in its brief in support of this motion that the plaintiff has consented to the requested extension.

and interest assessed by the Internal Revenue Service for the years 1983 and 1984. The defendant argues that Ms. Kemp has an interest in the subject matter of this suit. *See* Fed.R.Civ.P. 19(a). This is so, the defendant contends, because spouses filing joint returns have a separate interest in any resulting overpayment, and the Kemps, in fact, filed a joint tax return in 1984. *See Gens v. United States*, 673 F.2d 366, 368, 230 Ct.Cl. 42 (1982) (citing *Rosen v. United States*, 397 F.Supp. 342, 343 (E.D.Pa.1975)). Consequently, the defendant asserts that Ms. Kemp is an indispensable party and the plaintiff's failure to join her warrants a judgment in the defendant's favor as to the plaintiff's 1984 claim.

The plaintiff counters the defendant's argument by asserting that he alone paid the deficiencies, penalties, and interest assessed for the years 1983 and 1984. *See* Affidavit of Obie E. Kemp. Courts have held that as between spouses "an overpayment is apportionable to the extent that he or she contributed to the overpaid tax." *Gens*, 673 F.2d at 368 (quoting *Rosen*, 397 F.Supp. at 343); *see also* I.R.C. § 6402(a) (1989); *Gordon v. United States*, 757 F.2d 1157, 1160 (11th Cir.1985); *Jahn v. Regan & Kheder*, 584 F.Supp. 399, 410 (E.D.Mich. 1984). Put another way, "the maker of the overpayment is entitled to the credit or refund...." 673 F.2d at 368.

Hence, if the court could determine unequivocally that the plaintiff was "the maker" of the overpayment, then it clearly would be unnecessary to join Ms. Kemp. The court, however, finds that such a determination cannot be made in the absence of Ms. Kemp. Although *Gens v. United States* supports the plaintiff's argument, insofar as the court in that case determined that Mrs. Gens was not entitled to any part of the overpayment, it must be noted that both Mr. and Mrs. Gens were present before that court and each had the opportunity to testify.[2]

This court is of the opinion that before it can determine whether Ms. Kemp has an interest in the overpayment for the year 1984, she must at least be given an opportunity to contest the plaintiff's affidavit. Because Ms. Kemp may possess such an interest, there is a definite possibility that full relief cannot be accorded in her absence without subjecting the defendant to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a). Thus, she is a necessary party and must be joined if the captioned case is to proceed as to the plaintiff's 1984 claim.

Accordingly, the defendant's motion for partial judgment on the pleadings is denied at this time, and the court hereby grants the plaintiff leave to amend its complaint to add Ms. Kemp as a party plaintiff. It is further ordered that the plaintiff has thirty (30) days from the date of this order to effect such an amendment. At the expiration of this time, if the plaintiff has failed to comply with the court's order or if Ms. Kemp has refused to be joined, the court will have to reevaluate the viability of the plaintiff's 1984 claim.[3]

IT IS SO ORDERED.

---

**2.** The court notes, however, that Mrs. Gens did not actually testify. 673 F.2d at 367.

**3.** In other words, the court will have to determine whether Ms. Kemp is indispensable or whether the case can proceed in her absence. Fed.R.Civ.P. 19(b).