In re James D. GLEASON, Debtor.

Bankruptcy No. 95–10238–MWV.

United States Bankruptcy Court,
D. New Hampshire.

March 4, 1996.

J. Michael Deasy, Deasy & Dwyer, PA, Nashua, NH, for James Gleason.

Randall L. Pratt, Schreiber and Assoc., Danvers, MA, for Jeffrey Schreiber.

Timothy G. Sheedy, Tarbell P.A., Concord, NH, for Horizon Bank & Trust.

W.B. Sanderson, Becket & Watkins, Malvern, PA, for MBNA America.

Jeffrey Schreiber, Chapter 7 Trustee, Schreiber and Assoc., Danvers, MA.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the motion of Jeffrey A. Schreiber, Trustee ("Trustee") to compel turnover of the 1994 tax refund arising out of the Debtor's and non-debtor spouse's joint 1994 tax return. The Debtor argues that the refund is the result of the non-debtor spouse's business losses and, thus, the funds are not property of the Chapter 7 estate. A hearing was held on February 20, 1996, at which counsel for the Debtor and the Trustee appeared and argued their respective positions.

For the reasons set out below, the Court grants the Trustee's motion to compel and denies the Debtor's objection thereto.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The Debtor filed his petition under Chapter 7 of the Bankruptcy Code on February 3, 1995. Listed as an asset on Schedule B of his petition was a one-half interest in the 1994 federal income tax refund estimated to be $1,000. The Debtor's spouse has not filed bankruptcy. In April 1995, the Debtor and his spouse filed their 1994 joint tax return, which showed a refund due of $2,631. Since the bankruptcy case was filed after the end of the Debtor's 1994 tax year, there is no issue before the Court of prorating prepeti-

tion and post-petition taxes. However, the joint return applied not only to income from the Debtor's law practice, but also to income from rental property and income and expenses from a coffee shop business run by the Debtor's spouse. The return also reflected withholdings of $8,366 which, as agreed to by counsel at the February 20, 1996, hearing, were all paid by the Debtor and a business loss from the non-debtor spouse's business of $16,657. It is the Debtor's position that the business loss is the reason for the tax refund, that without it the Debtor would have owed an additional $2,031 to which extent the bankruptcy estate has already benefitted and, thus, the refund is property of the non-debtor spouse and not property of the bankruptcy estate.

### DISCUSSION

■ The Debtor, citing dicta from *In re Crum*, 6 B.R. 138, 140 (Bankr.M.D.Fla.1980), argues that since the Debtor has produced evidence of the non-debtor spouse's business losses, the Court should find that the refund was generated by the non-debtor spouse and, thus, it is her property and not property of the bankruptcy estate. This Court disagrees.

■ While the Debtor makes a plausible argument in favor of the non-debtor spouse's right to the tax refund, this Court, realizing it is a court of equity, does not believe that it is a function of the bankruptcy court to dissect a debtor's joint tax return and allocate a refund on the basis of any number of individual items such as deductions, credits, individual business income and losses or exemptions. In the instant return, there is income or loss from (1) the Debtor's law practice; (2) rental activity; (3) farm activity; and (4) non-debtor business activity, all of which contributed to the final amount of taxes or refund due. The majority of courts that have dealt with this question have prorated the tax refund by comparing the income of each spouse to the amount of each spouse's withholding. *See Monticello Arcade Ltd. Partnership v. Lyall (In re Lyall)*, 191 B.R. 78,

85 (E.D.Va.1996); *Ransier v. McFarland (In re McFarland)*, 170 B.R. 613, 620 (Bankr. S.D.Ohio 1994); *In re Honomichl*, 82 B.R. 92, 94 (Bankr.S.D.Iowa 1987); *In re Alden*, 73 B.R. 215, 216 (Bankr.N.D.Fla.1986); *Ballou v. Lentz (In re Ballou)*, 12 B.R. 611, 612 (Bankr.D.Kan.1981). In the instant case, it is agreed that the non-debtor spouse neither withheld nor paid estimated taxes. Thus, all of the money withheld and consequently all of the refund originated from monies actually paid by the Debtor from property of the Debtor.

It seems incongruous at best to find that the non-debtor spouse is entitled to a cash refund having paid no taxes. Indeed, had the non-debtor spouse filed a separate tax return, having paid no taxes, she would not receive a cash refund but would only be able to carry forward the business losses against future income. If there were no future income, the losses would never be utilized and the non-debtor spouse would never be entitled to a cash refund.

This Court finds that the Debtor has paid all of the withholding out of his property and, thus, the refund is his property and property of this bankruptcy estate. Consequently, the Court grants the Trustee's motion and orders the Debtor to turn over to the Trustee the sum of $2,631, the amount of the 1994 tax refund.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.