**In re Cliff A. MORINE, Debtor.**

**No. 9:07–bk–08726–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 9, 2008.

Edward R. Miller, Gregory Champeau, Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

### *ORDER ON AMENDMENT TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION*

(Doc. No. 57)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER before this Court in the Chapter 7 case of Cliff A. Morine (the Debtor) is one of the challenges by Diane

Jensen, the trustee, of the Debtor's claims of exemption. The trustee in her initial Objection (Doc. No. 19) challenged the value of the personal properties claimed as exempt, especially the exemption claimed under Fla. Stat. 222.11, dealing with the wage earner exemption. In her Amended Objection (Doc. No. 57), the trustee's challenge was directed to the Debtor's claim of his 2007 tax refund as exempt. The refund is based on a joint return filed by the Debtor and his non-debtor spouse. The Second Amended Objection (Doc. No. 63) relates to a lot held by the Debtor and his spouse as tenants by the entireties, as one joint creditor between husband and wife existed. This Court has already ruled on the initial and Second Amended Objections, so they will not be discussed further. The issue to be considered is whether the trustee can recover the Debtor's 2007 joint tax refund, where the non-debtor spouse did not generate taxable income giving rise to any part of the refund.

Several courts have addressed whether the joint tax return of a debtor and a non-debtor spouse is immune to recovery by the trustee. In the case of *In re Kossow,* 325 B.R. 478 (Bankr.S.D.Fla.2005), the court held that in light of the Florida Supreme Court's decision in *Beal Bank, SSB v. Almand and Assocs.,* 780 So.2d 45, 52 (Fla.2001), a presumption in favor of a tenancy by the entireties extends to all personal property acquired by a married couple under Florida law. The *Kossow* court elected to further extend *Beal Bank's* holding to encompass a tax refund, based on the policy justifying *Beal Bank. Id.* at 488. The court also noted that the presumption of tenancy by the entireties could be rebutted by a showing of extrinsic evidence that the property was not intended to be held as such. *Id.*

Two years later, another court addressed the issue of tax returns in the case of *Dillworth v. Hinton (In re Hinton),* 378 B.R. 371 (Bankr.M.D.Fla.2007). Like the *Kossow* court, the *Hinton* court held the tax refund was owned by the Chapter 7 debtors as tenants by the entireties based on the breadth of Florida's tenancy by the entireties law enshrined by *Beal Bank. Id.* The court determined that the spouses' individual interests in the refund check based on income is extinguished once the refund check is deposited in a tenancy by the entireties account or used to purchase a jointly titled certificate of deposit. *Id.*

In 2006, however, in the case of *In re Kant,* No. 8:04–bk–20026–PMG, 2006 WL 4919043 (Bankr.M.D.Fla. Apr.12, 2006), Chief Judge Paul M. Glenn held that the debtor was not entitled to claim a joint tax refund as exempt in his Chapter 7 case. The court distinguished *Kossow,* noting that it involved a prenuptial agreement. *Id.* Instead of focusing on *Beal Bank,* which involved the ownership of a savings account in a non-bankruptcy context, Chief Judge Glenn relied on Rev. Rul. 74–611, 1974–2 C.B. 399, 1974 WL 34502, which provides that "a joint income tax return does not create new property interests for the husband or the wife in each other's income tax overpayment. . . ." *Id.* Further, many courts have determined that spouses have separate interests in their tax refund, directly proportional to the taxes paid on income generated. *Gordon v. United States,* 757 F.2d 1157 (11th Cir.1985); *United States v. MacPhail,* 149 Fed.Appx. 449 (6th Cir.2005); *Rosen v. United States,* 397 F.Supp. 342, 343 (E.D.Pa.1975); *Gens v. United States,* 230 Ct.Cl. 42, 673 F.2d 366 (1982), *cert. denied,* 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982); *In re Jones,* 219 B.R. 631, 635 (Bankr.M.D.Fla. 1998).

In the instant case, the non-debtor spouse contributed no taxable income, so the entire tax refund is attributable to the Debtor. Therefore, based on Rev. Rul. 74–611, it is inappropriate to characterize

**482**

the property as owned by tenancy of the entireties. Like *Kant,* these facts can be distinguished from *Kossow* because a prenuptial agreement is not involved. Further, this case is also unlike *Hinton* because the debtors in *Hinton* deposited their tax returns in their bank account, specifically designated as a tenancy by the entireties account and used the funds to purchase a jointly titled CD. There are no facts in evidence to indicate the above occurred in this Debtor's case. More importantly, the checks for the disputed tax refunds in *Hinton* were issued by the IRS between 2001 and 2004 for the tax years 1997, 1998, and 2001. The checks were deposited years before the bankruptcy was even filed in 2007. In this case, the Debtor could not have deposited the check in an account before the commencement of the case because the tax return is for the year in which the Petition was filed. Because the refund is attributable solely to the Debtor's income and not to his non-debtor spouse, the interest in the refund check only belongs to the Debtor. The tax refund check was not deposited into a tenancy by the entireties account before the date of filing as in *Hinton,* so this Court declines to extend its holding.

In light of the courts' interpretation of Rev. Rul. 74–611 and Chief Judge Glenn's decision in *Kant,* this Court is satisfied that the trustee's Objection should be sustained and the exemption disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Amendment to Trustee's Objection to Claim of Exemption (Doc. No. 57) be, and the same is hereby, sustained and the exemption claimed by the Debtor with respect to the 2007 income tax refund should be disallowed.