**In re Kevin David RICE, George Alfred Allen, Debtors.**

**Nos. 9:09–bk–8310–ALP, 9:09–bk–8888–ALP.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Dec. 23, 2010.

David Lampley, Carmen Dellutri, Jeremy Iskin, The Dellutri Law Group, PA., Fort Myers, FL, for Debtors.

## ORDER REGARDING TURNOVER OF JOINT TAX REFUNDS TO CHAPTER 13 TRUSTEE

DAVID H. ADAMS, Bankruptcy Judge.

**The debtors** in the above cases received income tax refunds with their nondebtor spouses based on joint tax returns filed after the commencement of their bankruptcy cases. The issue before the Court is whether the Chapter 13 Trustee is entitled to the full amount of the refunds pursuant to the confirmation order that was entered in each case.

The Court finds that the Chapter 13 Trustee is not entitled to the full amount of the refunds because (1) an individual debtor's interest in a joint refund is the amount attributable to his contribution; (2) only the debtor's interest in a joint refund is property of the Chapter 13 estate; and (3) an Order Confirming Plan does not bind a nondebtor spouse to turn over his or her separate property to the Chapter 13 Trustee.

### Background

The issue concerning the Trustee's entitlement to a joint income tax refund has arisen in two cases.

### A. Kevin David Rice, Case No. 09–8310

Kevin David Rice (Rice) filed a petition under Chapter 13 of the Bankruptcy Code on April 27, 2009.

On his "Schedule I—Current Income of Individual Debtor," Rice disclosed that he is employed by Electronic Protection Systems, and that his nondebtor spouse is employed by Cape Coral Charter School. Rice disclosed his wages, and also the wages of his spouse, on his Schedule I and on his Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form 22C).

On April 27, 2009, Rice filed a Chapter 13 Plan.

On February 24, 2010, the Court entered an Order confirming his Chapter 13 Plan. The Order Confirming Plan provided for Rice to pay the sum of $120.00 per month to the Chapter 13 Trustee commencing on May 27, 2009, and continuing for a period of sixty months thereafter. The Order Confirming Plan also provided:

> In addition to the aforementioned monies, *the Debtor must commit all tax refunds beginning with tax year 2009 to the plan each year during the applicable plan period.* Said refunds must immediately (upon receipt of) be turned over to the Chapter 13 Trustee. Additionally, the Debtor must provide complete copies of all tax returns to the Trustee's office no later than April 15th of each year for the preceding year's taxes.

(Doc. 37, pp. 2–3)(Emphasis supplied).

Rice subsequently filed a Motion to Modify Confirmed Chapter 13 Plan. In the Motion, Rice asserts that he and his spouse are entitled to receive a refund in the amount of $1,974.00 based upon their joint tax return for 2009. Rice further asserts that he would owe the Internal Revenue Service additional taxes if he filed a separate return, and that he cannot afford to surrender the refund that "technically belongs to his wife." Consequently, Rice seeks relief from the portion of the Order Confirming Plan that requires him to submit the tax refund to the Trustee.

## B. George Alfred Allen, Case No. 09–8888

George Alfred Allen (Allen) filed a petition under Chapter 13 of the Bankruptcy Code on April 30, 2009.

On his "Schedule I—Current Income of Individual Debtor," Allen disclosed that he is the owner/president of A & B Plumbing of SW FL, Inc., and that his nondebtor spouse is employed as a legal assistant. Allen disclosed his income, and also the income of his spouse, on his Schedule I and on his Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form 22C).

On August 21, 2009, Allen filed a Second Amended Chapter 13 Plan.

On May 20, 2010, the Court entered an Order confirming the Second Amended Plan. The Order Confirming Plan provided for Allen to make monthly payments to the Chapter 13 Trustee commencing on May 30, 2009, and continuing for a period of thirty-six months thereafter.

The Order Confirming Plan also required Allen to "commit all tax refunds beginning with tax year 2009 to the plan each year during the applicable plan period." (Doc. 45, pp. 2–3).

On October 6, 2010, the Trustee filed a Motion to Dismiss for Failure to Comply with Order Confirming Plan. In the Motion, the Trustee asserts that Allen's 2009 income tax return reflects that a refund is due in the amount of $3,643.00, and that Allen failed to submit the refund to the Trustee as required by the Order Confirming Plan. (Doc. 48).

In response, Allen contends that the Motion should be denied, because the Trustee "is attempting to compel the Debtor's non-

filing spouse to surrender her tax refund, none of which was contributed to by the Debtor." (Doc. 49).

### Discussion

The Debtors in the above cases are married, but the cases were not filed as joint cases under § 302 of the Bankruptcy Code. Instead, each of the Debtors filed their petitions individually, and their spouses are not debtors in any bankruptcy case.

The issue is whether the full amount of the joint tax refunds due to the Debtors and their spouses must be submitted to the Trustee pursuant to the Orders confirming their Chapter 13 Plans.

The Court finds that the Debtors are not required to submit the full amount of the refunds to the Trustee because (1) an individual debtor's interest in a joint refund is the amount attributable to his contribution; (2) only the debtor's interest in a joint refund is property of the Chapter 13 estate; and (3) an Order Confirming Plan does not bind a nondebtor spouse to turn over his or her separate property to the Chapter 13 Trustee.

### A. An individual debtor's interest in a joint refund is the amount attributable to his contribution.

■ In *In re Kant*, 2006 WL 4919043 (Bankr.M.D.Fla.), the Court evaluated the nature of an individual debtor's interest in a joint tax refund in order to determine whether the refund constituted entireties property under Florida law. The Court determined that the joint refund was not held by the debtor and his wife as tenants by the entireties, because the debtor had a separate interest in the portion of the refund that was attributable to an overpayment of taxes from his income. *In re Kant*, 2006 WL 4919043, at *3.

In reaching this decision, the Court relied primarily on the opinion of the Eleventh Circuit Court of Appeals in *Gordon v. United States*, 757 F.2d 1157 (11th Cir. 1985), as well as Internal Revenue Service Ruling 74–611.

In *Gordon*, the Eleventh Circuit found that although the liability for payment of taxes due under a joint return is joint and several, "[w]here spouses claim a refund under a joint return, the refund is divided between the spouses, with each receiving a percentage of the refund equivalent to his or her proportion of the withheld tax payments." *Id.* at 1160.

. . .

Section 6402(a) of the Internal Revenue Code (26 U.S.C. § 6402(a)) provides that the IRS may credit an overpayment to the person who made the overpayment. "Court decisions have consistently held that *a husband and wife who file a joint return do not have a joint interest in an overpayment; each has a separate interest.*" Rev. Rul. 74–611, 1974–2 C.B. 399.

*In re Kant*, 2006 WL 4919043, at *2–3 (Emphasis supplied). In other words, spouses have separate interests in any overpayment of their taxes, and the filing of a joint return does not create new property interests for either spouse in the other's overpayment. *Id.* at *3 (quoting *United States v. MacPhail*, 2005 WL 2206681, at 3 (6th Cir.2005)).

■ "Spouses filing a joint return have separate interests in any overpayment, the interest of each depending upon his or her income, i.e., an overpayment is apportionable to a spouse to the extent that he or she contributed to the overpaid tax." *Rosen v. United States*, 397 F.Supp. 342, 343 (E.D.Pa.1975)(quoted in *In re Jones*, 219 B.R. 631, 635 (Bankr.M.D.Fla.1998)).

In the cases before the Court, therefore, the interest of each Debtor in a joint refund is the amount attributable to his income. *In re Morine*, 391 B.R. 480, 482 (Bankr.M.D.Fla.2008); *In re Levine*, 50 B.R. 587 (Bankr.S.D.Fla.1985). The balance of the refund is the separate property of his nondebtor spouse.

### B. Only the debtor's interest in a joint refund is property of the Chapter 13 estate.

■ A debtor's interest in a joint refund is the amount attributable to his income or contribution. The next issue, therefore, is whether property of the debtor's bankruptcy estate consists only of the debtor's interest in the joint refund, or whether the estate also includes the nondebtor spouse's interest in the refund.

Generally, property of a bankruptcy estate is defined as "all legal or equitable interests *of the debtor* in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (Emphasis supplied). Additionally, in Chapter 13 cases, the definition is expanded to include "earnings from services performed *by the debtor* after the commencement of the case." 11 U.S.C. § 1306 (Emphasis supplied).

Several courts have addressed the issue of whether a nondebtor spouse's interest in a joint tax refund is included in property of the estate pursuant to § 541 and § 1306. The decisions have generally found that the nondebtor spouse's interest is not property of the estate, based upon the rule that the refund should be allocated between the spouses according to their contribution.

In *In re Crowson*, 431 B.R. 484 (10th Cir. BAP 2010), for example, the Court determined that a joint tax refund must first be allocated between the debtor and the nondebtor spouse based on each spouse's income, withheld wages, tax cred-

its, and other types of overpayments. After the computations are performed, only the portion of the joint refund allocated to the debtor is included as property of the estate. *In re Crowson*, 431 B.R. at 488–90.

Similarly, the Court in *In re Edwards*, 363 B.R. 55 (Bankr.D.Conn.2007) found that the estate's interest in a joint refund consisted only of the amount of the refund allocated to the debtor on the basis of the debtor's overpayments. See also *In re Malewicz*, 2010 WL 4613119, at *4 (Bankr. E.D.N.Y.), in which the Court found that there was "no basis" to conclude that the nondebtor spouse's interest in a joint tax refund was property of the estate.

In the cases currently before the Court, a refund is due to each Debtor and his nondebtor spouse based upon a joint return filed during the plan period. The issue is whether the nondebtor spouse's interest in the joint refund is included in property of the Debtor's bankruptcy estate. The Court finds that the respective interests should be allocated between the spouses based on their contributions to the refund, and that only the Debtor's interest in the joint refund is property of the estate under § 541 and § 1306 of the Bankruptcy Code.

### C. An Order Confirming Plan does not bind a nondebtor spouse to turn over his separate property to the Chapter 13 Trustee.

■ It is fundamental that actions for the recovery of property by a bankruptcy trustee must involve property of the estate.

> Whenever a trustee brings a turnover action, he must establish, … as part of his invocation of the bankruptcy court's summary jurisdiction, that the property he seeks to recover in the turnover action is "property of the bankruptcy es-

tate" (property that will be available for distribution by the trustee). *See* 11 U.S.C. § 541 (1988)(defining property of the estate). If the action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction.

*In re Gallucci,* 931 F.2d 738, 742 (11th Cir.1991). *In re Happy Hocker Pawn Shop, Inc.,* 212 Fed.Appx. 811 at 816 (11th Cir.)(A "core proceeding must always implicate the property of the bankrupt estate.").

Further, § 1327(a) of the Bankruptcy Code provides:

**11 USC § 1327. Effect of confirmation**

(a) The provisions of a confirmed plan bind *the debtor and each creditor,* whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a) (Emphasis supplied).

In *In re Malewicz,* 2010 WL 4613119 (Bankr.E.D.N.Y.), the Court considered the effect of § 1327(a) in the context of a confirmation order that directed the debtor to pay "indicated tax refunds" to the Chapter 13 trustee. The Court found that the confirmation order was not binding on the debtor's nondebtor spouse, and did not require the nondebtor spouse to pay his share of a joint tax refund to the trustee.

The Court's reasoning was two-fold. First, the spouse's share of the refund was neither income nor earnings of the debtor that constituted property of the estate under § 1306. Since the order confirming the debtor's plan did not specifically require turnover of the spouse's separate interest in the refund, the language of the

plan could not be extended to cover funds that were not property of the estate.

Second, the Court noted that a confirmed plan is binding only on the debtor and the debtor's creditors pursuant to § 1327(a) of the Bankruptcy Code. Since the record in that case did not show that the nondebtor spouse was a creditor of the estate, the provisions of the confirmed plan could not bind him to turn over his separate property to the trustee. *In re Malewicz,* 2010 WL 4613119, at *6–7.

In the cases before the Court, as in *Malewicz,* the confirmation orders provide only that "the Debtor must commit all tax refunds beginning with tax year 2009 to the plan each year during the applicable plan period." The refunds claimed by the Trustee under this provision are joint refunds that are due to each Debtor and his nondebtor spouse.

As discussed above, the interest of a nondebtor spouse in a joint refund is not property of the estate. Additionally, the confirmation orders do not expressly provide for turnover of the spouse's separate interest, and the record does not reflect that the spouses are either debtors or creditors who are bound by the confirmed plan pursuant to § 1327(a) of the Bankruptcy Code. Consequently, in this case, as in *Malewicz,* the confirmation orders do not bind the nondebtor spouses to turn over their separate interest in the joint refunds to the Chapter 13 Trustee.

The decision in *In re LaPlana,* 363 B.R. 259 (Bankr.M.D.Fla.2007) is readily distinguishable. *LaPlana* was a joint Chapter 13 case in which both spouses had filed a single petition pursuant to § 302 of the Bankruptcy Code. Their confirmed plan provided for all future refunds to be submitted to the Chapter 13 trustee for distribution to their creditors. Since the case was a joint case, however, the turnover of the refunds did not involve the separate

property of a nondebtor, and did not involve funds that were not property of the Chapter 13 estate.

### Conclusion

The Debtors in the above cases are entitled to receive income tax refunds with their nondebtor spouses based on joint tax returns filed after the commencement of their bankruptcy cases. The issue is whether the Chapter 13 Trustee is entitled to the full amount of the refunds pursuant to the confirmation orders that were entered in each case.

The Court finds that the Trustee is not entitled to the full amount of the joint refunds because (1) an individual debtor's interest in a joint refund is the amount attributable to his contribution; (2) only the debtor's interest in a joint refund is property of a Chapter 13 estate; and (3) an Order Confirming Plan does not bind a nondebtor spouse to turn over his or her separate property to the Chapter 13 Trustee.

Accordingly:

**IT IS ORDERED** that:

1. In the case of Kevin David Rice, Case No. 09–8310, the Debtor's Motion to Modify Confirmed Chapter 13 Plan is granted as set forth in this Order, and the Order Confirming Plan is modified to provide that the Debtor is only required to submit his interest in the joint tax refund to the Chapter 13 Trustee.

2. In the case of George Alfred Allen, Case No. 09–8888, the Chapter 13 Trustee's Motion to Dismiss for Failure to Comply with Order Confirming Plan is denied.